**JOE D. HUGHES, INC., Appellant,**

**v.**

**Lionel MARCANTEL, Appellee.**

**No. 23538.**

United States Court of Appeals Fifth Circuit.

July 6, 1967.

---

John S. White, Jr., of Kennon, White & Odom, Baton Rouge, La., for Joe D. Hughes, Inc., defendant-appellant.

George J. Garzotto, of Slavich & Garzotto, New Orleans, La., for Lionel Marcantel, plaintiff-appellee.

Before THORNBERRY and COLEMAN, Circuit Judges, and YOUNG, District Judge.

### GEORGE C. YOUNG, District Judge:

Appellee Lionel Marcantel sued Southwestern Pipe, Inc., and Appellant, Joe D. Hughes, Inc., for damages because of injuries allegedly sustained as the result of a fall from the rear of a truck on which he was working as one of a pipe-stringing crew. The jury returned a verdict in favor of the appellee against appellant, Joe D. Hughes, Inc., in the amount of $42,000. and exonerated Southwestern Pipe, Inc. The appellant's motion for judgment notwithstanding the verdict or for a new trial was denied, resulting in this appeal.

■ Appellant contends there was no substantial evidence that appellant had any connexity with appellee's claims or that the appellant was guilty of negligence. While unquestionably there was conflicting evidence on the connection, if any, of appellee with appellant, Lionel Marcantel did testify that the truck from which he was injured was driven by a Mr. Smith (first name forgotten by Marcantel) subsequently seen by Marcantel at a deposition in Houston, Texas; and that the Smith-driven truck arrived at a point near Mamou, Louisiana for unloading pipe at about 3:00 to 3:30 on the afternoon of June 14, 1963. Toland Fontenot testified that he was stringing pipe with Lionel Marcantel on June 14, 1963, and witnessed the latter's accident; that the truck from which the accident happened arrived at about 3:00 to 3:30 in the afternoon of that day; that he (Fontenot) knew it would arrive late because it was supposed to have lost an oil plug. By deposition taken in Houston, Texas, Buster Smith testified that on June 14, 1963, he was employed by appellant, Joe D. Hughes, Inc., in driving a truck owned by him (but leased to Joe D. Hughes, Inc.); and that for his employer he drove his truck on that day loaded with pipe from Houston to Mamou, arriving about 2:00 p. m., having been delayed en route because the truck's oil plug dropped out with a resulting loss of oil. Smith had no recollection of Marcantel[1] or of the accident testified to by Marcantel and Fontenot but the conflict of testimony was a matter to be resolved by the jury.

■ Both Marcantel and Fontenot testified that appellee was thrown from the truck by the driver giving a sudden jerk. In this diversity case no useful purpose can be served by further detailing the evidence here. It is sufficient to say that a reading of the transcript of the trial proceedings discloses there was substantial evidence on both of the issues of connexity and negligence to support the findings of the jury.

---

1. Smith did not deny the possibility of Marcantel having been a part of the crew that day; he testified (Tr. 311):

Q Mr. Smith, on August 21, 1964, in this room in your home you saw a man sitting on that side of the table who identified himself as Mr. Lionel Marcantel; do you recall that?
A Yes, sir.
Q Do you recall that occasion?
A Yes, sir.
Q Had you ever seen that man before?
A No, sir. Are you referring to the lawyer or that boy?
Q The other boy; not the lawyer.
A I don't know if I saw him or not. I can't remember all those boys' faces, because I had never seen them before. He could have been one that was out there, as far as I know. I don't know, because I wouldn't know one of them from the other, because I wasn't that much interested in getting acquainted with anybody. When you are out working like that, you have work to do, so I don't know whether the boy was him from anyone else.

Appellant also cites as error the trial court's denial of a new trial. A motion for new trial is directed to the judicial discretion of the trial court and its ruling thereon will not be disturbed in the absence of a clear abuse of that discretion. Davis v. Yellow Cab Company of St. Petersburg, 5 Cir., 220 F.2d 790; King v. Leach, 5 Cir., 131 F.2d 8. There was evidence that appellee, 32 years old, sustained a ruptured disc and in his condition at the time of trial was not capable of being gainfully employed. After reviewing the record we cannot hold that the trial judge abused that discretion in finding that the damages were not excessive and in not finding that the jury's verdict was against the weight of the evidence.

We affirm.