CROWN COLONY DISTRIBUTORS,
INC., Plaintiff-Appellant

v.

UNITED STATES FIRE INSURANCE
CO., Defendant-Appellee.

No. 74–2878
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 26, 1975.
Rehearing Denied April 21, 1975.

Neil Chonin, Miami, Fla., Maurice Rosen, North Miami Beach, Fla., for plaintiff-appellant.

Smathers & Thompson, Linwood Anderson, Miami, Fla., for defendant-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

In September 1972, Crown Colony was issued a fire insurance policy by United States Fire Insurance Company (USFI). Only four months later, in January 1973, Crown Colony sustained a loss by fire on its premises. Investigation by the police and fire department conclusively established that the fire was deliberately set. When Crown Colony submitted a claim of loss, USFI refused to pay, and this diversity suit on the fire insurance policy followed. USFI refused to honor Crown Colony's claim for two reasons: (1) it claimed the policy was void because

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Crown Colony concealed the true identities and criminal backgrounds of its principals, and (2) it contended Crown Colony deliberately and intentionally burned its own premises. The jury found there had been no wrongful concealment, but did determine that the fire had been set by or on behalf of Crown Colony.

USFI contends that the court incorrectly instructed the jury on the concealment issue. Crown Colony will not recover in any case, as we affirm the jury's finding that Crown Colony caused the fire. Therefore, we pretermit an unnecessary discussion and analysis of Florida law on the issue of concealment and an insurer's duty to investigate.

The evidence at trial showed that Crown Colony was a failing enterprise; at the time of the arson, Crown Colony was $100,000 in debt and losing money at the rate of $12,000 a month. Shortly before the arson, Crown Colony almost doubled its inventory, obtained an expensive line of jewelry not previously carried, and also nearly doubled its fire insurance coverage. The jewelry was not found after the fire, but the corporate records were discovered—doused with gasoline.

 Crown Colony admitted that arson was the cause of the fire, but contended that the fire must have been set by a burglar. Uncontradicted expert testimony, however, established that the arson preparations would have been most efficiently conducted by two to three men, and that preparations would have taken at least three to three and one-half hours. Ignition of the fire occurred at about 6 p. m.; the manager of the corporation left at 4:30 p. m., while the son of the corporation's president left at 6:22 p. m. This evidence, suggesting that the manager of the corporation was on the premises at the time arson preparations were underway, together with the recent acquisition and increase of insurance coverage, the poor financial status of the corporation, the increase in inventory and absence of the valuable jewelry from the premises after the fire, and the fact that there had been an attempt to deliberately destroy the corporate records, all strongly indicates that the fire was started with the participation or authorization of the corporation. We therefore find that the jury verdict in this regard is supported by substantial evidence.

 Crown Colony contends, however, that counsel for USFI employed prejudicial and inflammatory techniques during the course of the trial which constituted reversible error, and thus the trial court erred in refusing Crown Colony's motion for a new trial. An important obstacle to this contention is that a motion for a new trial is addressed to the sound discretion of the trial judge, whose action will not be upset absent a strong and convincing showing of an abuse of that discretion. See, e. g., Sanden v. Mayo Clinic, 8 Cir., 1974, 495 F.2d 221, 226; Joe D. Hughes, Inc. v. Marcantel, 5 Cir., 1967, 380 F.2d 12, 14. We have examined the record in this case, and agree with appellant that on a number of occasions defense counsel's conduct was inappropriate and insufficiently restrained. But timely objections were interposed, and the trial court sustained objections to certain remarks and questions. We cannot presume that the corrective measures of the trial court were meaningless. The rule in this circuit is that unless the "conduct of counsel or witnesses is such as to impair gravely the calm and dispassionate consideration of the case by the jury, no error flows from the refusal of the trial court, in the exercise of its discretion, to vitiate the trial." Spach v. Monarch Ins. Co. of Ohio, 5 Cir., 1962, 309 F.2d 949, 953. In the present case, while the conduct by counsel for USFI was less than admirable, the trial court took action to sustain objections to this conduct and instructed the jury to disregard certain evidence. This, together with the convincing evidence to support the jury verdict, leads us to conclude that there was no error in the refusal to grant a new trial.

Affirmed.