653 F.Supp. 345 (1986)
MISSISSIPPI LOFTS, INC., a Missouri Corporation, Plaintiff,
v.
LEXINGTON INSURANCE COMPANY OF WILMINGTON, DELAWARE, Defendant.
No. 85-71 C (5).
United States District Court, E.D. Missouri, E.D.
November 19, 1986.
*346 Donald V. Nangle, Arthur G. Muegler, Jr., Tamara Muegler, St. Louis, Mo., for plaintiff.
Leritz, Reinert & Duree, Joseph L. Leritz, St. Louis, Mo., for defendant.

MEMORANDUM
LIMBAUGH, District Judge.
This cause is before the Court for a decision on the merits on Count IV of plaintiff Mississippi Lofts, Inc.'s amended complaint and on defendant Lexington Insurance Company's counterclaim/set-off. This Memorandum constitutes the Court's findings of fact and conclusions of law for purposes of Fed.R.Civ.P. 52(a).

Findings of Fact
This case concerns a controversy between Mississippi Lofts, Inc., the owner of a building at 1601-05 Locust Street in St. Louis, Missouri and Lexington Insurance Company, which provided fire insurance coverage for the property. A fire destroyed the property on October 13, 1984, and plaintiff made a claim for coverage under its fire insurance policy for losses it incurred. Lexington declined to provide coverage, though, contending that plaintiff or its agents intentionally started the fire with the object of recovering the insurance proceeds.
Plaintiff then filed this multi-count suit. The parties tried Counts II and III of the amended complaint to a jury on July 9-18, 1986. In these counts, plaintiff sought damage awards from the company under the policy. The Court directed a verdict in favor of defendant Lexington on Count III and submitted Count II to the jury for a decision on the merits. The insurance company based its defense on a contention that plaintiff's agents intentionally set the fire, and the court tendered an instruction to the jury on this defense. The jury returned a verdict in favor of the defendant and against the plaintiff on Count II. At trial, the Court took Count IV of the complaint and the counterclaim under advisement. On October 6, 1986, the Court conducted a hearing at which the parties presented additional evidence relevant to the disposition of these two counts.
The insurance company in its counterclaim requests damages from Mississippi Lofts to compensate it for a payment it made to Interfirst Bank of Austin, Texas, under a standard mortgage clause. Interfirst held the first deed of trust on the Locust Street property at the time of the fire. After the fire, the bank demanded that Lexington pay it the amount of the outstanding note executed by Mississippi Lofts and secured by the deed of trust. The insurance company paid the bank the sum of $530,103.75 and received an assignment of the bank's first deed of trust on the property.
*347 These facts are also relevant to plaintiff's claim in Count IV of the amended complaint. There, Mississippi Lofts seeks a declaration that the assignment of the deed of trust by Interfirst Bank to Lexington Insurance Company has no legal effect. Plaintiff asserts that the insurance company improperly paid the bank under the standard mortgage clause and that, therefore, the Court should not allow the assignment of the deed of trust to cloud its title.

Conclusions of Law
The Court has subject matter jurisdiction of this cause pursuant to 28 U.S.C. § 1332. The Court will consider the insurance company's counterclaim/set-off with the plaintiff's quiet title action in Count IV of the amended complaint.
The Lexington policy provided for payment to Interfirst Bank, the holder of the first deed of trust on the Locust Street property, in the event a fire destroyed the property, regardless of any culpability of the insured in the loss. This type of provision is called a standard mortgage clause. Charter Bank of Boonville v. Shelter General Ins. Co., 664 S.W.2d 44, 46 (Mo. App.1984); M.F.A. Mutual Ins. Co. v. Huddleston, 459 S.W.2d 104, 106 (Mo.App. 1970); and Northwestern National Ins. Co. v. Mildenberger, 359 S.W.2d 380, 383 (Mo.App.1962). This agreement by the insurance company to insure Interfirst is separate and distinct from the agreement to insure the mortgagor. Id. The insurance company properly paid Interfirst Bank Austin when the institution made its claim for coverage. Plaintiff's claim that the company acted improperly in making this payment to the bank is incorrect.
After making this payment, Lexington received an assignment from the bank of the first deed of trust securing the note executed by the plaintiff corporation. This transaction comports with the general rule that an insurance company is subrogated to the rights of the party receiving the insurance proceeds. Monsanto Chemical Co. v. American Bitumuls, 249 S.W.2d 428, 431 (Mo.1952). At the time of the fire, Interfirst Bank Austin held a first deed of trust on the Locust Street property. After paying the bank under the standard mortgage clause and receiving the assignment of the deed of trust, Lexington Insurance company now has the same status.
The company can potentially foreclose on the property under applicable state law and, in effect, recoup its payment to the bank. The insurance company is not entitled to a money judgment from the plaintiff in the amount it paid to Interfirst Bank in addition to the rights it received from the bank under the assignment. See Huddleston, 459 S.W.2d at 108-09. Since the defendant in its counterclaim seeks only a damage award, and not a declaration that the assignment of the deed of trust by Interfirst was valid, the Court must enter judgment against defendant. But, the Court will enter judgment against the plaintiff as to Count IV since Lexington acted in accordance with its duties under the standard mortgage clause and properly received the bank's rights in the first deed of trust in return.