835 F.2d 1250
 Lucas James RULE, by Father & Next of Friend, Clarence RULE,
and Patricia Rule, Appellees,
v.
LUTHERAN HOSPITALS & HOMES SOCIETY OF AMERICA, Appellants.
Hall M. Pumphrey, Louis Bunting.
 No. 87-1058.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 2, 1987.
Decided Dec. 29, 1987.
 
 Thomas J. Walsh, Omaha, Neb., for appellants.
 Frederick C. Gray, Tampa, Fla., for appellees.
 Before BOWMAN, Circuit Judge, ROSS, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 ROSS, Senior Circuit Judge.
 
 
 1
 This appeal arises out of a negligence action against Lutheran Hospitals & Homes Society of America (Lutheran). Clarence and Patricia Rule brought this action on their own behalves and on behalf of their son, Lucas Rule, for birth injuries received by Lucas during a breech delivery at Thayer County Memorial Hospital in Hebron, Nebraska. The Thayer County Hospital is operated by Lutheran. The Rules alleged that Lutheran was negligent in failing to investigate the qualifications of Dr. Harold Pumphrey, who delivered Lucas, and in granting Dr. Pumphrey privileges to perform certain medical procedures which he was not qualified to perform without supervision. The jury returned a verdict of $650,000 in favor of the Rules, and Lutheran appeals.
 
 
 2
 The negligence of Dr. Pumphrey is not disputed on this appeal. For reversal, Lutheran contends that the district court[1] erred in refusing to grant Lutheran's motion for directed verdict and motion for judgment notwithstanding the verdict because there was insufficient evidence that any negligence by the hospital in granting certain privileges to Dr. Pumphrey was the proximate cause of Lucas Rule's injuries. Lutheran also alleges error in the jury instructions. For the reasons set forth below, we affirm.
 
 Proximate Cause
 
 3
 Under the applicable Nebraska law, proximate cause exists if the injury would not have occurred but for the negligence, the injury was the natural and probable result of the negligence, and there was no efficient intervening cause. Greening by Greening v. School Dist., 223 Neb. 729, 735, 393 N.W.2d 51, 56 (1986).
 
 
 4
 In reviewing the district court's denial of Lutheran's motion for directed verdict and for judgment notwithstanding the verdict, this court is to: a) consider the evidence in the light most favorable to the plaintiffs as the prevailing parties; b) assume that the jury resolved all conflicts in the evidence in the plaintiffs' favor; c) assume as true all facts which the plaintiffs' evidence tended to prove; d) give the plaintiffs the benefit of all favorable inferences which reasonably may be drawn from the facts proved; and e) affirm the district court's denial of the motions if, in light of the above, reasonable jurors could differ as to the conclusions to be drawn from the evidence. Hall v. State Farm Fire & Cas. Co., 813 F.2d 137, 138-39 (8th Cir.1987). An order entering judgment notwithstanding the verdict is proper only if the evidence points all one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. Gilkerson v. Toastmaster, Inc., 770 F.2d 133, 136 (8th Cir.1985).
 
 
 5
 In consideration of the above, we review the evidence in the light most favorable to the Rules. Dr. Pumphrey submitted his application for staff privileges to the Thayer County Memorial Hospital in 1979. On the application form, Dr. Pumphrey noted his medical education and prior medical experience and listed the names of the three hospitals where he had previously been granted staff privileges. Further, Dr. Pumphrey submitted a checklist of the specific medical procedures for which he requested privileges at the Thayer County Hospital. Among the obstetric privileges sought by Dr. Pumphrey was a category called "major medical or surgical complications of pregnancy." Testimony at trial indicated that this category included breech deliveries of primiparous (first-time) mothers.
 
 
 6
 The bylaws of the Thayer County Hospital provided that the hospital administrator was to investigate and verify the applicant's references and confirm the applicant's qualifications to perform the procedures for which privileges were sought. The application and supporting documents were then to be sent to the hospital's executive committee, which was to vote whether to grant privileges to the applicant. Finally, the application was to be sent to Lutheran's home office for review.
 
 
 7
 Despite the requirements of the bylaws, the hospital administrator at Thayer County, Marilyn Cooper, failed to do a complete investigation of Dr. Pumphrey. Cooper did not contact any of the three hospitals where Dr. Pumphrey previously had privileges. Rather, her complete investigation consisted of calling the director of a family residency program in which Dr. Pumphrey had participated in 1975-76 and again in 1979. The director told Cooper that Dr. Pumphrey was well qualified to practice in a rural setting.
 
 
 8
 Testimony at trial revealed that had Cooper made the proper investigation, she would have discovered that Dr. Pumphrey's privileges at one of the previous hospitals where he had been granted privileges were limited in that he was allowed to perform breech deliveries only with supervision. Investigation would have also shown that neither his training nor his experience qualified Dr. Pumphrey to perform breech deliveries on primiparous mothers without supervision.
 
 
 9
 Notwithstanding the lack of the required supporting documentation, the executive committee of the Thayer County Hospital approved Dr. Pumphrey's application and granted him all obstetric privileges which he requested, including privileges to perform primiparous breech deliveries. Dr. Pumphrey's application was then sent to Lutheran's home office, where it was also approved.
 
 
 10
 At approximately 3:30 p.m. on March 6, 1981, Dr. Pumphrey admitted Mrs. Rule, a first-time mother, to the Thayer County Hospital for delivery. After his first examination of Mrs. Rule that afternoon, Dr. Pumphrey believed the baby was in a vertex (head-first) position. However, at 7:00 p.m., Dr. Pumphrey performed another examination and discovered that the baby was in a breech position. Despite this, Dr. Pumphrey did not attempt to call in a specialist who was qualified to perform primiparous breech deliveries or transfer Mrs. Rule to a hospital where a qualified staff would be available.[2] After a somewhat difficult delivery, Lucas Rule was born at 10:26 p.m. When he was 18 months old, Lucas was diagnosed as having cerebral palsy as a result of the injuries received during the delivery process.
 
 
 11
 Considering this evidence, we think the jury could have reasonably found that had the hospital made a proper investigation, it would have discovered that Dr. Pumphrey was not qualified to perform primiparous breech deliveries and therefore would not have granted him such privileges. Further, under the circumstances of this case, the jury could have found that when Dr. Pumphrey discovered the breech presentation, there was still time for the hospital to call in a qualified physician or transfer Mrs. Rule to a hospital where a qualified staff was available. Consequently, we cannot say that no reasonable juror could find that the hospital's negligence was the proximate cause of Lucas Rule's injuries. Therefore, we affirm the district court's denial of Lutheran's motions for directed verdict and for judgment notwithstanding the verdict.
 
 Jury Instructions
 
 12
 Lutheran also argues that the district court improperly instructed the jury as to the Rules' burden of proof. In particular, Lutheran contends that the jury was not instructed that the malpractice by Dr. Pumphrey for which Lutheran was liable had to be related to Dr. Pumphrey's lack of qualifications in performing breech deliveries. Instead, Lutheran argues, the instructions allowed the jury to find Lutheran liable for any malpractice by Dr. Pumphrey on a respondeat superior basis. We disagree.
 
 
 13
 In reviewing challenged instructions, this court is to consider whether the charge as a whole fairly and adequately instructed the jury as to the applicable law. See Circle J Dairy, Inc. v. A.O. Smith Harvestore Prods., Inc., 790 F.2d 694, 698 (8th Cir.1986).
 
 
 14
 The district court instructed the jury that the Rules had the burden to prove their allegations that Lutheran negligently granted Dr. Pumphrey obstetrical staff privileges to perform breech deliveries. With regard to a hospital's negligence in granting privileges, the jury was instructed that "[a] hospital must use reasonable care in determining the competence of those granted medical staff privileges." Further, the jury was told that the Rules had the burden to prove that while practicing pursuant to negligently granted obstetrical privileges, Dr. Pumphrey committed one or more specific acts of malpractice in performing the breech delivery of Lucas Rule. Finally, the district court instructed the jury that the Rules had the burden to prove "[t]hat as a direct and proximate result of such negligent granting of privileges and medical malpractice" Lucas Rule developed cerebral palsy.
 
 
 15
 After considering all of the instructions in this case, we determine that the jury was properly instructed as to the Rules' burden of proof.
 
 
 16
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable C. Arlen Beam, then a United States District Judge for the District of Nebraska
 
 
 [2]
 At approximately 9:00 p.m. Dr. Pumphrey called in Dr. Louis Bunting, another family practitioner on the hospital's staff. However, Dr. Bunting did not act as a consultant or supervisor for the delivery, but rather in his own words "acted as the scrub nurse as well as an observer and was available if he needed help."