**MISSISSIPPI LOFTS, INC., a Missouri corporation, Appellant,**

v.

**LEXINGTON INSURANCE COMPANY, OF WILMINGTON, DELAWARE, Appellee.**

No. 86–2571.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1988.

Decided March 11, 1988.

**252**

son theory, and judgment was entered on the verdict by the district court, 653 F.Supp. 345.[1] On appeal, Lofts contends that the district court erred in 1) denying Lofts' motions for a directed verdict and for judgment notwithstanding the verdict, and 2) erroneously instructing the jury.[2] We have considered the arguments of the appellant, and find that the judgment of the district court should be affirmed.

## A. Background

Lofts was formed by two individuals, Dale Young and John Fears, to facilitate the purchase of a building located at 1601 Locust Street in downtown St. Louis, Missouri. Young and Fears planned to renovate the building for use as rental apartments. They each took a 50% interest in the corporation and became its only officers. The St. Louis building was purchased by the corporation for $300,000 and was eventually insured with Lexington for $3.5 million.

The project had progressed no further than initial cleanup of the building when Young and Fears realized that they had neither the funds nor the experience to complete the undertaking. At this point, Dale Young's brother, Jim Young, who had previously been involved in several real estate ventures, acquired Fears' interest in the corporation. Jim Young promised Fears that if the corporation ever became profitable he would return Fears' initial investment. Jim Young took some further steps toward improving the property, but little work was actually accomplished beyond the initial cleanup.

The building was destroyed by fire on September 13, 1984. Several individuals, including eyewitnesses, firefighters, and expert investigators testified at trial that the fire was the result of arson. Lofts does not actively dispute this conclusion. It claims, however, that it had nothing to do with the setting of the fire.

Arthur G. Muegler, Jr., St. Louis, Mo., for appellant.

Joseph L. Leritz, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Mississippi Lofts, Inc. (Lofts) appeals from a jury verdict rejecting Lofts' claim against the Lexington Insurance Company of Wilmington, Delaware (Lexington). Lofts seeks to recover the cost of repairing a fire-damaged building, claiming coverage under a fire insurance policy issued by Lexington. Lexington's sole defense to the demand for the payment of claims under the policy is that the fire resulted from arson. The jury accepted Lexington's ar-

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. Lofts raises several additional grounds for reversal in its brief. We have considered these arguments and find each to be without merit.

## B. Corporate Complicity

Our review of the district court's denial of Lofts' motions for a directed verdict and for judgment notwithstanding the verdict is limited. We may reverse the district court only if all the evidence points one way and is susceptible of no reasonable inferences sustaining a finding of corporate complicity in the alleged arson. *Thomure v. Truck Ins. Exch.*, 781 F.2d 141, 142 (8th Cir.1986); *Craft v. Metromedia, Inc.*, 766 F.2d 1205, 1218 (8th Cir.1985), *cert. denied*, 475 U.S. 1058, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986). Further, we must "resolve direct factual conflicts in favor of [Lexington], assume as true all facts in [Lexington's] favor which the evidence tends to prove, and give [Lexington] the benefit of all reasonable inferences." *Craft*, 766 F.2d at 1218. And, an issue should be submitted to the jury for determination if the evidence would allow reasonable jurors to differ as to the conclusions which could be drawn. *See generally Decker-Ruhl Ford Sales, Inc. v. Ford Motor Credit Co.*, 523 F.2d 833, 836 (8th Cir. 1975).[3]

■ Lofts argues that there was insufficient evidence from which the jury could have concluded that the building was intentionally burned at the direction and with the approval of Lofts, the corporate insured. It is true that arson may not be attributed to a corporation unless the perpetrator of the arson acted with the corporation's assent. *Cora Pub, Inc. v. Continental Casualty Co.*, 619 F.2d 482, 486 (5th Cir.1980). However, proof of corporate assent to arson "is not likely to be found in the archives of the corporation. Hence, courts have permitted insurers to attribute arson to a corporation by a variety of methods other than proof of a formal grant of authority to the arsonist." *Id.* Corporate assent to arson may be proved by circumstantial evidence, and the scope of admissible relevant evidence is necessarily broad. *See Harris v. Zurich Ins. Co.*, 527 F.2d 528, 531 (8th Cir.1975); *McIntosh v. Eagle Fire Co.*, 325 F.2d 99, 100 (8th

Cir.1963); *Miele v. Boston Ins. Co.*, 288 F.2d 178, 180 (8th Cir.1961). Several courts have permitted a jury to find from circumstantial evidence that an arsonist acted at the request or with the assent of an insured corporation, especially where the corporation is closely-held and where principal officers or stockholders are implicated in the act. *See, e.g., Vicksburg Furniture Mfg., Ltd. v. Aetna Casualty & Sur. Co.*, 625 F.2d 1167, 1170 (5th Cir. 1980); *Cora Pub*, 619 F.2d at 486; *Don Burton, Inc. v. Aetna Life & Casualty Co.*, 575 F.2d 702 (9th Cir.1978); *Crown Colony Distrib., Inc. v. United States Fire Ins. Co.*, 510 F.2d 544 (5th Cir.1975); *Jamaica Time Petroleum, Inc. v. Federal Ins. Co.*, 366 F.2d 156 (10th Cir.1966), *cert. denied*, 385 U.S. 1024, 87 S.Ct. 753, 17 L.Ed.2d 674 (1967).

■ We have reviewed the record in this case and find that there was sufficient evidence of corporate complicity in the alleged arson for the matter to have been submitted to the jury. There was no direct evidence placing either Jim or Dale Young at the scene on the day of the fire. However, there was evidence that Dale Young and Bob Bryant, a friend who was familiar with Lofts' purchase of the building, had decided, at the time of the original purchase, that Bryant would burn the building if the project proved unprofitable, and the insurance proceeds would be split between Bryant, Young, and John Fears. Fears, however, refused to participate in the plan.

There was also evidence that Jim Young and Dale Young had suffered several financial setbacks shortly before the fire. They had personally guaranteed a $450,000 loan, secured by the St. Louis building, which loan was being foreclosed at the time of the fire. In fact, the Youngs had been notified prior to the fire that a foreclosure sale was scheduled to take place just four days after the date of the conflagration. Further, Jim Young had been threatened with criminal prosecution and civil liability by a group of investors with whom he was

3. The same standard is applied in considering both a motion for a directed verdict and for judgment notwithstanding the verdict. Further, the standard is the same on appeal as it is in the trial court. *Hall v. State Farm Fire & Casualty Co.*, 813 F.2d 137, 139 (8th Cir.1987); *Dulin v. Circle F Indus., Inc.*, 558 F.2d 456, 465 (8th Cir.1977). *See* 9 Wright and Miller, *Federal Practice and Procedure* § 2524, at 541–42 (1971).

involved in a related project. A second lawsuit brought against Lofts and Jim Young by a partnership which had engaged in purchase negotiations with Lofts had already proceeded to a $421,000 default judgment.

From these and other facts adduced at trial, a jury could have reasonably concluded that Jim and Dale Young were responsible for the fire that destroyed the building. Since the Youngs were the only shareholders and officers of Lofts, we believe that sufficient evidence was presented at trial from which a jury could reasonably infer that Lofts, the corporate entity, assented to and approved of the intentional burning of the building.

### C. Jury Instructions

■ Lofts also argues that the district court erroneously instructed the jury as to the elements necessary for a finding of corporate arson. Specifically, Lofts asserts that instruction nine failed to require the jury to find that a corporate agent actually set fire to the building.[4] Our inquiry is whether the court's charge as a whole fairly and adequately instructed the jury as to the applicable law. *Rule v. Lutheran Hosp. and Homes Soc'y*, 835 F.2d 1250, 1253 (8th Cir.1987); *Grogan v. Garner*, 806 F.2d 829, 836 (8th Cir.1986). We have reviewed the instruction and cannot say that the court's charge misled or otherwise confused the jury in this case. Given the evidence presented at trial, the arguments of the attorneys and the district court's entire charge to the jury, instruction nine, though it may have been improved upon, is not sufficiently deficient to warrant reversal of this action.

### D. Conclusion

Accordingly, the decision of the district court should be and is affirmed.

---

**4.** Lexington argues that Lofts failed to make an objection to instruction nine which was sufficiently specific to preserve the matter as an issue on appeal. While the record reveals that Lofts did not explain its objection to the trial court in as much detail as it is presented here,

---

there was a general objection and the offer of an alternative form of instruction. Given our disposition on the merits of the objection, we find the issue to have been adequately preserved for review.