Dennis R. PERSHERN, Appellant,

v.

FIATALLIS NORTH AMERICA, INC., Appellee.

Dennis R. PERSHERN, Appellee,

v.

FIATALLIS NORTH AMERICA, INC., Appellant.

Nos. 87–5051, 87–5052.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1987.

Decided Nov. 25, 1987.

James P. Paciotti, Duluth, Minn., for appellant.

Joseph J. Roby, Duluth, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON, and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Dennis R. Pershern appeals the district court's order denying his motions for judgment notwithstanding the verdict and new trial in Pershern's suit against his former employer, Fiatallis North America, Inc. (Fiatallis), for breach of contract and defamation. Fiatallis cross-appeals from the district court's order denying Fiatallis leave after judgment to amend its answer to conform to the evidence, and both parties appeal from an order concerning costs. We affirm with one exception related to the award of costs.

Pershern, while living in the Minneapolis area, interviewed for a job with Fiatallis as a parts and service representative for Minnesota. Pershern claims Fiatallis promised him in a prehiring interview he

could relocate to northern Minnesota if he took the position. Pershern accepted the job, but Fiatallis refused to permit him to relocate. In response to Pershern's continuing requests for permission to move as promised, Fiatallis agreed to the relocation, but later in a memorandum rescinded its permission. Pershern did not respond to the memorandum in writing or take legal action. Instead, he continued working and about three months after receiving the memorandum, moved to northern Minnesota. After the move Pershern gave notice of his relocation, and Fiatallis fired him for "gross insubordination."

Pershern sued Fiatallis for breach of an employment contract permitting him to relocate and for defamation. The jury found Pershern and Fiatallis initially entered into a contract allowing Pershern to relocate, but that a new or modified agreement prohibiting the relocation was formed when Pershern remained on the job despite Fiatallis' withdrawal of its permission for him to relocate. The jury also found Fiatallis falsely characterized Pershern as grossly insubordinate when it fired him, but that the characterization was not motivated by malice. Accordingly, judgment was entered for Fiatallis on both the breach of contract and defamation claims.

On appeal Pershern does not challenge the sufficiency of evidence to support the jury's verdict on the contract claim. Rather, he claims judgment notwithstanding the verdict (or in the alternative a new trial) should have been entered because the contract theory relied on by Fiatallis to show the existence of a new or modified agreement is unavailable as a defense in this case. Thus, Pershern argues the theory should not as a matter of law have been submitted to the jury. We disagree.

█ Pershern admits that but for the claimed relocation contract, he was an at-will employee who could be fired for any reason or for no reason at all. *See Lewis v. Equitable Life Assurance Soc'y of the United States*, 389 N.W.2d 876, 882 (Minn. 1986) (en banc). Under Minnesota law, at-will employment contracts may be modified or replaced by unilateral agreements made according to standard contract law principles after employment has begun. *See, e.g., id.* at 882–83; *Pine River State Bank v. Mettille*, 333 N.W.2d 622, 629–30 (Minn. 1983) (en banc); *University of Minnesota v. Goodkind*, 399 N.W.2d 585, 588–89 (Minn.Ct.App.1987), *review granted*, No. C3–86–1172 (Minn. March 25, 1987). Pershern argues the doctrine of unilateral contract formation or modification has been recognized in these circumstances in order to maintain job security for employees and was not intended to be used affirmatively by an employer as a means of restricting the rights of its employees.

We have a limited role in reviewing questions of state law. In a diversity case in which the state's highest court has not expressly decided an issue, we defer to the local district court's interpretation on the question unless it is " 'fundamentally deficient in analysis or otherwise lacking in reasoned authority.' " *Perkins v. Clark Equip. Co.*, 823 F.2d 207, 208 (8th Cir.1987) (quoting *Barber–Greene Co. v. National City Bank*, 816 F.2d 1267, 1270 (8th Cir. 1987)). The district court determined the contract principles challenged by Pershern are not limited in their application only in favor of employees. After a careful review of the Minnesota cases, we are unable to conclude otherwise. If such an interpretation is to be made, it must first be made by the Minnesota Supreme Court.

█ Assuming the unilateral employment contract doctrine is available to Fiatallis as an employer, Pershern still maintains he was entitled to judgment notwithstanding the verdict on his contract claim. In support of this claim, Pershern argues the memorandum rescinding Fiatallis' permission to relocate, unlike the personnel handbook in *Pine River State Bank* and later cases, lacks contractual characteristics and cannot serve as the basis of a unilateral contract. He also asserts the memorandum was merely a request by Fiatallis and did not contain evidence of a clear intent that its terms were to be incorporated into the parties' employment agreement. Once again, the district court declined to limit in this manner the scope of what

appears to be nonrestrictive Minnesota law on the point, and we are satisfied with the court's analysis. The issue of whether the parties intended the memorandum to form the basis of a new or modified agreement was a question for the jury, *see Brookshaw v. South St. Paul Feed, Inc.*, 381 N.W.2d 33, 36 (Minn.Ct.App.1986), and one for which there was adequate evidence to support the verdict.

■ Pershern argued after the jury's verdict was returned that the unilateral contract theory was not available as a defense because Fiatallis failed to plead it in its answer. *See* Fed.R.Civ.P. 8(c). Fiatallis claims the issue was tried with Pershern's express and implied consent, and as a protective measure, Fiatallis sought but was denied leave to amend its answer to conform to the evidence. *See* Fed.R.Civ.P. 15(b). After reviewing the record, we conclude Fiatallis' contract theory was unequivocally brought into the case and tried with Pershern's implied consent, and the issue was thus properly submitted to the jury. *See Corsica Livestock Sales, Inc. v. Sumitomo Bank*, 726 F.2d 374, 377–78 (8th Cir.1983). In view of this conclusion, we need not address Fiatallis' cross-appeal claiming the district court abused its discretion in denying leave to amend.

■ Finally, Pershern contends the jury was incorrectly instructed in several respects and his motion for new trial should therefore have been granted. Pershern argues the district court's instruction to the jury using nearly verbatim language from *Pine River State Bank* was incorrect because it appeared to give conclusive weight to the mere fact Pershern continued to work after he received the memorandum rescinding approval for relocation. *See Pine River State Bank*, 333 N.W.2d at 627. Pershern claims this instruction gave the jury no leeway to consider other relevant factors in determining whether Pershern had actually agreed to the new relocation terms and whether he had thus supplied the assent necessary for modification or formation of the contract. He argues these errors could have precipitated the jury's verdict against him on the def-

amation claim as well, thus entitling him to a new trial on that count. Finally, Pershern claims the jury was incorrectly instructed for the defamation claim on the standard of conduct to prove actual malice by Fiatallis. *See Lewis*, 389 N.W.2d at 890–91; *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 257–58 (Minn.1980) (en banc).

We acknowledge the pitfalls of lifting language directly from court opinions for instruction to the jury without tailoring it to the specific facts of the case at hand. Even so, we review the jury instructions as a whole and leave it to the district court to choose appropriate form and language, so long as the instructions adequately present the applicable principles of law. *See Grogan v. Garner*, 806 F.2d 829, 836 (8th Cir. 1986); *Monahan v. Flannery*, 755 F.2d 678, 681 (8th Cir.1985). We have carefully examined the individual instructions and the jury charge as a whole. We are satisfied the instructions given were in accord with the Minnesota law of contracts and defamation applicable in this case, and the district court did not commit error in denying Pershern's posttrial motion.

Finally, both parties appeal the district court's order concerning costs. After the clerk declined to award all the expenses detailed by Fiatallis in its bill of costs, Fiatallis sought review by the district court of the clerk's determinations. The district court reviewed the bill of costs and granted some but not all of Fiatallis' additional requests.

At issue are the costs of the state court filing fee incurred before removal of the case to federal court and the removal bond premium, as well as certain deposition transcripts, medical records, and expert witness fees. The claim does not involve attorney fees. Fiatallis conceded at oral argument it is not entitled to expert witness fees in excess of the thirty dollars per day already allowed by the district court, but reaffirmed its cross-appeal on the remaining costs. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, —— U.S. ——, 107 S.Ct. 2494, 2496, 2499, 96 L.Ed.2d 385 (1987); 28 U.S.C. § 1821.

■ Recovery of costs in the district court is generally governed by statute and the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1920; Fed.R.Civ.P. 54(d). Section 1920 defines "expenses that a federal court may tax as a cost under the discretionary authority found in [r]ule 54(d)." *Crawford Fitting Co.*, 107 S.Ct. at 2497. Thus, not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case. *Id.*

■ Section 1920 does not authorize the taxing of state court filing fees or removal bond premiums in removal actions, and Fiatallis offers no authority for their recovery. Thus, Fiatallis' bill of costs to the extent of those two items should not be allowed. In all other respects after reviewing the record, we find no abuse of discretion by the district court in its treatment of costs, and the balance of its order on the matter is affirmed.

We have reviewed the record, briefs, and arguments of the parties. Finding no reversible error, with the limited exception related to costs, we affirm.