Edward **OBENAUER**, Appellant,

v.

**LIBERTY MUTUAL INSURANCE CO.,** Appellee.

No. 89–5408ND.

United States Court of Appeals, Eighth Circuit.

Submitted May 16, 1990.

Decided July 10, 1990.

Gary Hamblet, Los Angeles, Cal., for appellant.

Mitchell Mahoney, Minot, N.D., for appellee.

Before FAGG, Circuit Judge, BRIGHT, and HENLEY, Senior Circuit Judges.

PER CURIAM.

The district court granted summary judgment to Liberty Mutual Insurance Company (Liberty) after Edward Obenauer brought this product liability action against Liberty. Obenauer appeals, and we affirm.

Edward Obenauer severely injured his right hand while operating a baling machine designed by Vermeer Manufacturing Company (Vermeer). At the time Vermeer designed the baler, Liberty provided Ver-

meer with insurance and accident prevention services. Obenauer claims that because Liberty regularly inspected the baler and provided design advice to Vermeer, Liberty is liable to Obenauer for his injuries.

The courts of North Dakota have never decided the question of whether an insurer that provides accident protection services is liable to third parties, and the district court thus adopted the *Restatement (Second) of Torts* § 324A (1965) as North Dakota law. *See Patch v. Sebelius,* 349 N.W.2d 637, 642 (N.D.1984) (applying section 324A to impose liability on road construction contractor). Neither Obenauer nor Liberty disputes the district court's choice of section 324A, and we defer to the District Court of North Dakota when it decides a question of state law that North Dakota state courts have not yet addressed. *Kloster Co. v. Michigan Mut. Ins. Co.,* 882 F.2d 1308, 1310 (8th Cir.1989).

Instead, Obenauer asserts the district court committed error in its application of section 324A. The district court held Liberty's inspections did not replace Vermeer's duty to Obenauer to design a safe product and did not constitute an "undertaking" under section 324A. Other courts have decided the question of insurer liability similarly. *See, e.g., Davis v. Liberty Mut. Ins. Co.,* 525 F.2d 1204, 1207–08 (5th Cir.1976); *Rick v. RLC Corp.,* 535 F.Supp. 39, 46–47 (E.D.Mich.1981); *Smith v. Allendale Mut. Ins. Co.,* 303 N.W.2d 702, 710–12 (Mich.1981). Because the district court's interpretation of *Restatement* § 324A is not " 'fundamentally deficient in analysis or otherwise lacking in reasoned authority,' " *Turley Martin Co. v. Gilman Paper Co.,* 905 F.2d 235, 238 (8th Cir.1990) (quoting *Pershern v. Fiatallis North America,* 834 F.2d 136, 138 (8th Cir.1987)), we decline to second-guess the court's formulation of North Dakota law.

We thus affirm the judgment of the district court.