926 F.2d 714
 55 Fair Empl.Prac.Cas. 347,
55 Empl. Prac. Dec. P 40,565, 1 A.D. Cases 1761
 Langston BRADLEY, Appellant,
Equal Employment Opportunity Commission (Intervenor Below),
v.
PIZZACO OF NEBRASKA, INC. d/b/a Domino's Pizza, and Domino's
Pizza, Inc., Appellees.
Langston BRADLEY,
Equal Employment Opportunity Commission (Intervenor Below), Appellant,
v.
PIZZACO OF NEBRASKA, INC. d/b/a Domino's Pizza, and Domino's
Pizza, Inc., Appellees.
 Nos. 89-2271, 89-2272.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 13, 1990.
Decided Feb. 21, 1991.
Rehearing and Rehearing En Banc Denied July 24, 1991.
 
 Robert V. Broom, Omaha, Neb., for appellant.
 Samuel A. Marcosson, Washington, D.C., for intervenor-appellant.
 Soren S. Jensen, Omaha, Neb., for appellees.
 Before FAGG, WOLLMAN and MAGILL, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Langston Bradley brought this disparate impact case against Domino's Pizza, Inc. and Pizzaco of Nebraska, Inc. (collectively Domino's) claiming his discharge for failure to comply with Domino's no-beard policy violates Title VII because the policy discriminates against black males. 42 U.S.C. Sec. 2000e-2(a) (1988). The Equal Employment Opportunity Commission (EEOC) intervened seeking injunctive relief on behalf of other black males adversely affected by Domino's no-beard policy. 42 U.S.C. Sec. 2000e-4(g)(6). The district court concluded Bradley and the EEOC failed to establish a prima facie case of disparate impact and dismissed their complaints. The district court also found Bradley could comply with Domino's no-beard policy. Bradley and the EEOC appeal. We affirm in part, reverse in part, and remand for further proceedings.
 
 
 2
 The controlling facts are not complicated. Domino's grooming policy prohibits store employees from wearing beards. Pizzaco, a Domino's franchisee, hired Bradley as a pizza deliverer, but fired him within two weeks because he would not remove his beard. Pizzaco's owner explained, "[Y]ou must be cleanshaven to work for Domino's." Bradley is a black man who suffers from pseudofolliculitis barbae (PFB), a genetic skin disorder affecting almost half of all black males. Approximately half of these PFB sufferers have sufficiently severe cases that they must abstain from shaving. The district court, however, found Bradley could shave without complications.
 
 
 3
 Bradley and the EEOC contend the district court committed error in ruling their evidence was insufficient to prove Domino's no-beard policy has a disparate impact on black males. We agree. To establish a prima facie case of discrimination under the disparate impact theory, Bradley and the EEOC must show a specific employment practice has caused a significantly disparate impact on black males. See Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 109 S.Ct. 2115, 2124-25, 104 L.Ed.2d 733 (1989); Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994, 108 S.Ct. 2777, 2788, 101 L.Ed.2d 827 (1988). Bradley and the EEOC may prove causation with statistical evidence showing Domino's across-the-board no-beard policy excludes black males as a class from employment with Domino's at a substantially higher rate than white males. See Watson, 487 U.S. at 994-95, 108 S.Ct. at 2788-89; Green v. Missouri Pac. R.R., 523 F.2d 1290, 1293 (8th Cir.1975); EEOC v. Trailways, Inc., 530 F.Supp. 54, 59 (D.C.Colo.1981) (PFB case).
 
 
 4
 We believe Bradley and the EEOC presented a prima facie case of disparate impact. The record shows PFB almost exclusively affects black males. White males, however, rarely suffer from PFB or other skin disorders that make shaving difficult. Medical witnesses for both sides testified that as many as forty-five percent of black males have PFB. A dermatologist called by Bradley and the EEOC testified that a study he conducted on males in the military showed half of the black males with PFB could not shave. This dermatologist described other studies that produced substantially similar results.
 
 
 5
 The district court, believing the samples in the dermatologist's study groups were too small, refused to accept Bradley's and the EEOC's statistical evidence. Contrary to the district court's view, however, "[t]here is no minimum sample size prescribed either in federal law or in statistical theory." MacDissi v. Valmont Indus., 856 F.2d 1054, 1058 (8th Cir.1988). As we view the record, the district court overlooked the dermatologist's unrebutted testimony, admitted without objection, equating his military study group with the black male population at large. Additionally, one of Domino's medical witnesses corroborated the dermatologist's testimony that military samplings of black males fairly represent the general black male population. Thus, Bradley and the EEOC presented statistical studies representative of the general black male population, and their reliance on these statistics to prove a prima facie case of disparate impact was not misplaced. See Dothard v. Rawlinson, 433 U.S. 321, 330, 97 S.Ct. 2720, 2727, 53 L.Ed.2d 786 (1977); EEOC v. Rath Packing Co., 787 F.2d 318, 336 (8th Cir.), cert. denied, 479 U.S. 910, 107 S.Ct. 307, 93 L.Ed.2d 282 (1986). General population statistics are highly significant where there is no reason to believe the disqualifying characteristic potential job applicants possess differs markedly from the national population.
 
 
 6
 Bradley's and the EEOC's evidence shows Domino's no-beard policy "has created the disparate impact under attack." Wards Cove, 109 S.Ct. at 2124. Their evidence shows PFB effectively excludes almost twenty-five percent of the potential black male work force from employment with Domino's, and the white male work force is not similarly excluded. This evidence clearly permits the inference "that some black males would be eligible for ... positions [with Domino's] if they did not suffer from PFB," and "proportionately fewer blacks than whites were eligible for [these] positions" because of Domino's no-beard policy. EEOC v. Greyhound Lines, Inc., 635 F.2d 188, 194 (3d Cir.1980). Having concluded the district court erroneously discounted Bradley's and the EEOC's statistical proof, we must reverse the district court's holding that a prima facie showing of disparate impact was not made in this case.
 
 
 7
 Bradley also contends the district court's finding that he can shave is clearly erroneous. We disagree. The testimony was contradictory about the severity of Bradley's PFB and his ability to shave. Nevertheless, the record shows that almost half of the black males with PFB can shave, that Bradley has a mild case of PFB, and that at his next job, Bradley always appeared cleanshaven. Although there is evidence to the contrary, we believe the record supports the district court's finding. See Anderson v. Bessemer City, 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985).
 
 
 8
 Finally, Bradley contends he is disabled under the Nebraska Fair Employment Practice Act. See Neb.Rev.Stat. Sec. 48-1102(8) (Supp.1989). The district court found Bradley was not disabled by his PFB condition under the terms of the Nebraska statute. Unless the district court's analysis is fundamentally deficient or otherwise lacking in reasoned authority, we defer to the district court on an issue of state law not yet decided by the state courts. See Pershern v. Fiatallis N. Am., Inc., 834 F.2d 136, 138 (8th Cir.1987). After careful consideration, we accept the district court's application of Nebraska law.
 
 
 9
 ccordingly, we affirm in part, reverse in part, and remand to the district court to proceed with the business justification stage of this disparate impact case. See Wards Cove, 109 S.Ct. at 2125-27.