Irene S. ATRAQCHI; Mike
Atraqchi, Appellants,

v.

FEDERAL BUREAU OF INVESTIGA-
TION, Unknown Agents of The, individ-
ually and as agents of the Federal Bu-
reau of Investigation; Vern Klingman;
Leonard Dahl; Mumtaz Fargo; Mike
Schafer; Harold Hanser; First United
Methodist Church; Principal Financial
Group; Fireman's Fund Insurance
Company of Wisconsin, Inc.; Mountain
Bell Telephone Company; Jane Doe;
John Doe 1 thru 1000, Appellees.

No. 92–1006.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 2, 1992.

Decided April 1, 1992.

Certiorari Denied May 18, 1992.
See 112 S.Ct. 1955.

No counsel represented the appellants.

Robert M. Small, Minneapolis, Minn., ar-
gued, for appellees.

Before McMILLIAN, FAGG, and
MAGILL, Circuit Judges.

PER CURIAM.

Irene and Mike Atraqchi appeal pro se
from the order of the District Court[1] for
the District of Minnesota denying their
amended motion to vacate judgment under
Fed.R.Civ.P. 60(b)(6). For reversal, the
Atraqchis argue that in September 1990
the district court erroneously dismissed
their civil rights lawsuit without affording
them a hearing, and that they asserted
sufficient reasons in their Rule 60(b)(6) mo-
tion to warrant relief. We affirm.

Rule 60(b)(6) permits a court to grant
relief "from a final judgment, order, or
proceeding for . . . any other reason justi-
fying relief from the operation of the judg-

ment." The " 'other reason' clause . . .
vests power in courts adequate to enable
them to vacate judgments whenever such
action is appropriate to accomplish justice."
*Klapprott v. United States,* 335 U.S. 601,
614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266
(1949).

After carefully reviewing the record, we
conclude that the district court did not
abuse its discretion in denying the amended
Rule 60(b)(6) motion for failure to set forth
a proper ground for relief. The Atraqchis'
claims did not present an "unusual situa-
tion" warranting relief under Rule 60(b)(6).
*See Fuller v. Quire,* 916 F.2d 358, 361 (6th
Cir.1990). To the extent that the Atraqchis
assert claims on appeal that they did not
raise in their amended Rule 60(b)(6) motion,
we note that "[t]his Court has maintained
consistently that 'Rule 60(b) was not in-
tended as a substitute for a direct appeal
from an erroneous judgment.' " *Spinar v.
South Dakota Bd. of Regents,* 796 F.2d
1060, 1062 (8th Cir.1986) (quoting *Hart-
man v. Lauchli,* 304 F.2d 431, 432 (8th
Cir.1962)).

Accordingly, the district court judgment
is affirmed.

---

1. The Honorable Robert G. Renner, Senior Unit-
ed States District Judge for the District of
Minnesota.