**Charles R. MYRICK, Plaintiff,**

v.

**TNT OVERLAND EXPRESS, Defendant.**

**No. 1:91CV0919.**

United States District Court, N.D. Ohio, E.D.

July 9, 1992.

Alan S. Belkin, Cleveland, Ohio, for plaintiff.

Charles R. Myrick, pro se.

Robert S. Gilmore, Jones, Day, Reavis & Pogue, Cleveland, Ohio, Theodore R. Opperwall, Dickinson, Wright, Moon, Vandusen & Freeman, Detroit, Mich., for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

On June 12, 1992, this Court entered final judgment for TNT Overland Express ("TNT") in this race-discrimination action brought by Charles R. Myrick pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e–17. Pursuant to Federal Rule of Civil Procedure 54(d), TNT moved for an award of $1,991.95 for costs incurred in defending this action. For the following reasons, this Court grants TNT's motion for costs.

## I.

Myrick filed this action alleging that TNT's termination of his employment was racially motivated. This Court referred this action to a magistrate judge acting as a special master. The magistrate judge conducted a trial and filed a special master's report recommending that this Court enter final judgment for TNT.

Upon review of the special master's report and recommendation, this Court found that only the facts, and not the applicable law, was in dispute, as the magistrate judge had properly recognized and applied the relevant law as clearly articulated by the Supreme Court. Moreover, this Court affirmed and adopted the magistrate judge's findings of fact upon review using the clearly erroneous standard. Applying these facts to the law, this Court found that TNT had sufficiently articulated a legitimate, non-discriminatory reason for terminating Myrick's employment and that Myrick had failed to carry his ultimate burden of proving by a preponderance of the evidence that TNT's reason was but a pretext for discrimination. Therefore, this Court entered final judgment for TNT.

TNT moved for an award of $1,991.95 for costs. TNT's memorandum of costs states that the transcript of Myrick's deposition, the attendance of a reporter, the obtaining of Myrick's signature, and the delivery of the transcript cost $1,507.00; that the transcripts of the depositions of four TNT employees noticed by Myrick and called as witnesses by Myrick and the delivery of two of those transcripts cost $433.45; and that the attendance of a witness who testified under subpoena cost $51.50.

## II.

Federal Rule of Civil Procedure 54(d) provides that "[e]xcept when express provision therefore is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." 28 U.S.C. § 1920 provides, in part, that:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case; ...

28 U.S.C.A. § 1920 (West 1966 & West Supp.1992).

The only provision in Title VII relating to costs is 42 U.S.C.A. § 2000e–5(k), which allows the court, in its discretion, to award reasonable attorney's fees to the prevailing party. Section 2000e–5(k) does not alter the standard by which the court awards costs that are not attorney's fees pursuant to Rule 54(d).

Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, but allows denial of reasonable costs at the discretion of the court. *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986). The non-prevailing party may overcome this presumption by establishing the existence of circumstances whereby a denial of costs to the prevailing party would be a proper exercise of discretion. *Id.* at 732; *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir.1959). Such circumstances include: 1) where taxable expenditures are unnecessary or are unreasonably large; 2) where the prevailing party should be penalized for unnecessarily prolonging the trial or for injecting unmeritorious issues; 3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the non-prevailing party; and 4) where the case is "close and difficult." *Id.* (citing *Lichter*, 269 F.2d at 146; *National Transformer Corp. v. France Mfg. Co.*, 215 F.2d 343, 362 (6th Cir.1954); *United States Plywood Corp. v. General Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966), *cert. denied* 389 U.S. 820, 88 S.Ct. 39, 42, 19 L.Ed.2d 71 (1967)). "The closeness of a case is not determined by whether one party prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White*, 786 F.2d at 732–33 (quoted in *Goos-tree v. Tennessee*, 796 F.2d 854, 864 (6th Cir.1986), *cert. denied* 480 U.S. 918, 107 S.Ct. 1374, 94 L.Ed.2d 689 (1987)).

■ A circumstance which the court is not to consider in determining whether to deny an award of costs to the prevailing party is the size of the prevailing party's recovery and the ability of the prevailing party to pay the taxable costs. *Id.* at 730 & 731. Moreover, although the non-prevailing party may have demonstrated good faith in filing, prosecuting, or defending an action, such good faith is merely a relevant consideration and alone is an insufficient basis upon which to deny costs. *Id.; see also Allstate v. Michigan Carpenters' Council Health & Welfare Fund*, 760 F.Supp. 665, 670 (W.D.Mich.1991). Similarly, the propriety with which the non-prevailing party conducted the litigation is merely a relevant consideration. *White & White*, 786 F.2d at 730. Furthermore, the court should not deny a prevailing defendant an award of costs simply because the plaintiff's case is not frivolous. *Goostree*, 796 F.2d at 864.

■ Myrick argues that although TNT is the prevailing party, this Court should, in its discretion, deny TNT an award of costs. In support, Myrick states that he filed and prosecuted this action in good faith; that, in general, Title VII cases are of a difficult nature; and that this case was "close and difficult." Additionally, for various reasons, Myrick argues that all of TNT's costs listed in the memorandum of costs were unnecessary.

This Court finds that Myrick has not met his burden of overcoming the presumption in favor of awarding TNT costs. This case was not of the "close and difficult" nature envisioned in *White & White*, for the law itself was quite clear, as was the application of the law to the facts in this action. Moreover, the "difficult nature" of Title VII cases in general is not of such a magnitude that an award of costs to a prevailing defendant would have a significantly chilling effect on the filing of Title VII actions. Furthermore, this Court does not find that

any of TNT's requested costs are unnecessary. Myrick's only remaining consideration is that this action was brought in good faith. Although this Court has no reason to doubt the truth of this assertion, because the Sixth Circuit Court of Appeals has clearly stated that good faith alone is insufficient to overcome the presumption created by Rule 54(d), this Court is unable to deny TNT an award of costs solely based upon Myrick's good faith.

### III.

Therefore, as Myrick has not established circumstances meriting the use of this Court's discretion in denying TNT an award of costs, this Court grants TNT's motion for $1,991.95 for costs pursuant to Federal Rule of Civil Procedure 54(d).

Pursuant to 28 U.S.C. § 1920, a bill of costs is included in this order.

IT IS SO ORDERED.

## BILL OF COSTS

I. Costs Incident to Taking of Charles R. Myrick's Deposition:

|  |  |  |
|---|---|---|
| A. | Transcript | $1,407.00 |
| B. | Attendance of Reporter | 427.50 |
| C. | Delivery | 7.50 |
| D. | Obtaining Signature | 25.00 |
|  | SUB–TOTAL | $1,507.00 |

II. Costs Incident to Depositions of Brian Murray and Gary King:

|  |  |  |
|---|---|---|
| A. | Murray's Transcript | $101.25 |
| B. | King's Transcript | 37.50 |
| C. | Delivery | 35.00 |
|  | SUB–TOTAL | $173.75 |

III. Costs Incident to Depositions of John Strmac and Susan LaFountain:

| Transcripts | $259.70 |
|---|---|

IV. Witness Fees for Joseph Hrabusa:

|  |  |  |
|---|---|---|
| A. | One Day's Attendance | $40.00 |
| B. | Mileage (46 Miles) | 11.50 |
|  | SUB–TOTAL | $51.50 |

| TOTAL | $1,991.95 |
|---|---|