989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Charles W. JONES, Appellant,
v.
CITY OF ST. PAUL; George Latimer, individually and as
Mayor; St. Paul City Council; James Scheibel, individually
and as President; Thomas Dimond, individually and as member;
Mary Sonnen, individually and as member; Robert Long,
individually and as member; Janice Reitman, individually
and as member; Roger Goswitz, individually and as member;
William Wilson, individually and as member; Rafael A.
Viscasillas, individually and as Personnel Director; The
Department of Public Works; Donald Nygaard, individually
and as Director; Larry Leuth, individually and as City
Engineer; Mike Klassen, individually and as Public Works
Technician III, Appellees.
Charles W. Jones, Appellant,
v.
City of St. Paul; George Latimer, individually and as
Mayor; St. Paul City Council; James Scheibel, individually
and as President; Thomas Dimond, individually and as member;
Mary Sonnen, individually and as member; Robert Long,
individually and as member; Janice Reitman, individually
and as member; Roger Goswitz, individually and as member;
William Wilson, individually and as member; Rafael A.
Viscasillas, individually and as Personnel Director; The
Department of Public Works; Donald Nygaard, individually
and as Director; Larry Leuth, individually and as City
Engineer; Mike Klassen, individually and as Public Works
Technician III, Appellees.
 Nos. 92-3080, 92-2853.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 17, 1993.
Filed: March 4, 1993.
 
 Before BOWMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this consolidated appeal, Charles W. Jones appeals from two District Court[1] orders denying Jones's motions for reconsideration and also several other prejudgment and postjudgment motions. We affirm.
 
 
 2
 Jones, who is black, filed a pro se complaint against the City of St. Paul and several city officials regarding their failure to hire him for technician positions in St. Paul's Public Works Department. Alleging he was not hired because of his race, Jones claimed violations of his Fourteenth Amendment rights; of 42 U.S.C. §§ 1981, 1982, and 1983; and of 42 U.S.C. § 2000(d).
 
 
 3
 In June 1991, the District Court entered summary judgment for defendants, from which Jones did not appeal. Between November 1991 and April 1992, Jones moved the court to reconsider its judgment in light of the Civil Rights Act of 1991(Act); to determine the "sufficiency of defendants' evidence to support summary judgment"; and to rule on several earlier filings relating to discovery. In May 1992, the District Court, following the magistrate judge's[2] recommendation, denied as moot those motions filed before summary judgment was granted, denied the motion to reconsider summary judgment in light of the Act because the Act was not to be applied retroactively, and denied as meritless the motion to reconsider the evidence under Federal Rule of Civil Procedure 60(b). Jones filed a timely notice of appeal from this order (No. 92-2853).
 
 
 4
 Jones also filed in the District Court a motion to vacate the judgment and for relief from the judgment, asserting that the summary judgment order did not comply with Federal Rule of Civil Procedure 58. On August 27, 1992, the District Court denied Jones's motion. The District Court found no error in the judgment, and concluded Jones did not provide any factual or legal support to justify relief from judgment. Jones filed a separate notice of appeal from this order (No. 92-3080). This Court granted Jones's motion to consolidate the two appeals.
 
 
 5
 The propriety of the original grant of summary judgment is not an issue in this appeal because Jones did not timely appeal that order. The only matters before us are the District Court's May 1992 order denying the prejudgment discovery and postjudgment reconsideration motions[3] and the August 1992 order denying Jones's Rule 60(b) motion.
 
 
 6
 Jones's argument that the judgment was "void" is without merit because the record contains a separate judgment in compliance with Rule 58. Thus, Jones's Rule 60(b)(4) motion is without merit. As for Rule 60(b)(6) grounds, this Court reviews the denial of a motion for relief from judgment for abuse of discretion. Atraqchi v. Federal Bureau of Investigation, 959 F.2d 740 (8th Cir.) (per curiam), cert. denied, 112 S. Ct. 1955 (1992). A district court may grant relief from judgment " 'whenever such action is appropriate to accomplish justice.' " Id. (quoting Klapprott v. United States, 335 U.S. 601, 615 (1949)). Rule 60(b), however, is not intended to be a substitute for a direct appeal from an erroneous judgment. See Spinar v. South Dakota Bd. of Regents, 796 F.2d 1060, 1062 (8th Cir. 1986). Upon our review of the record, we find no abuse of discretion by the District Court in any of its orders.
 
 
 7
 Accordingly, we affirm the judgment of the District Court. Jones's motion for sanctions is denied.
 
 
 8
 A true copy.
 
 Attest:
 
 9
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota
 
 
 [2]
 The Honorable J. Earl Cudd, United States Magistrate Judge for the District of Minnesota
 
 
 [3]
 Jones waived his argument relating to the retroactivity of the Act in his original brief. His argument relating to the present application of the Act need not be considered because it was raised for the first time in his reply brief. See Hawkins v. Minnesota Mining & Mfg. Co., 601 F.2d 362, 363 (8th Cir. 1979) (per curiam)