Terri **CHESTER**, Plaintiff,

v.

**NORTHWEST IOWA YOUTH EMERGENCY CENTER, and Steve D. Geringer, Defendants.**

No. C 93–4024.

United States District Court, N.D. Iowa, Western Division.

Nov. 28, 1994.

William Cook and John Cook, Jr. of Herrick, Ary, Cook, Cook, Cook & Cook, Cherokee, IA, for plaintiff.

Sam S. Killinger of Rawlings, Neiland, Probasco, Killinger, Ellwanger, Jacobs &

Mohrhauser, Sioux City, IA, for defendant Geringer.

Doug Phillips of Klass, Hanks, Stoos, Stoik, Villone, Sioux City, IA and John A. Wibe of Martin, Wibe & Cozine, Cherokee, IA, for defendant YES Center.

## ORDER RE: COSTS

BENNETT, District Judge.

This matter comes before the court pursuant to plaintiff's November 2, 1994, motion for relief from judgment (docket number 72). Defendant YES Center resisted the motion on November 9, 1994, and defendant Geringer resisted the motion on November 10, 1994.

On October 4, 1994, 869 F.Supp. 700, the court granted defendants' motions for summary judgment, dismissing all claims, state and federal, for lack of a federal question on the ground that defendant YES Center did not employ sufficient employees to be an employer within the meaning of Title VII. 42 U.S.C. § 2000e(b). Plaintiff has stated her intention to continue this litigation in state court on the state-law claims embodied in the original complaint.

■ Also on October 4, 1994, judgment was entered in this case awarding defendants, as the prevailing parties, their costs in this matter. On October 11, 1994, defendant YES Center filed a bill of costs for $3,131.08. Defendant Geringer filed a bill of costs for $1,513.46 on October 17, 1994. The bulk of the costs identified on both bills is for fees of court reporters for sitting fees, transcripts and transcript copies, and ASCII disks ($1,216.13 for such fees on Geringer's bill of costs, $2,765.20 for such fees on YES Center's bill of costs).[1] Chester filed her motion pursuant to *Fed.R.Civ.P.* 60(b) on November 2, 1994, seeking relief from judgment awarding defendants their costs.

Chester argues that defendants should be denied their costs because they impeded her efforts to obtain information concerning the number of employees of the YES Center,

---

1. The Bills of Costs have not yet been ruled on. Under N.D.Ia.LR 21, the court has delegated to the clerk of court the authority to rule on Bills of Costs in ordinary circumstances. However, in the present circumstances, the court will rule on these matters pursuant to *Fed.R.Civ.P.* 54(d) and 28 U.S.C. § 1920.

thus causing her to continue prosecution of her Title VII claim in federal court rather than proceeding in state court. Chester asserts that on May 7, 1993, shortly after she filed her complaint in this matter on March 1, 1993, she served interrogatories on both defendants requesting, *inter alia,* the names and dates of hiring and firing of all YES Center employees. Geringer objected to the interrogatory requesting this information on June 7, 1993, on the ground that such information was confidential and could not be released without the consent of the employees pursuant to Iowa Code § 22.7(11). On March 30, 1994, over one year after Chester filed her complaint, the YES Center provided an answer to the relevant interrogatory setting forth the hiring and firing dates of all of the employees. The YES Center's answer was supplemented on May 20, 1994, and again on May 26, 1994. The YES Center moved for summary judgment on May 20, 1994, partly on the ground that it did not have sufficient employees to support subject matter jurisdiction over a Title VII claim. Chester asserts that the YES Center's answer to the interrogatory was her first knowledge of the number of employees of the YES Center.

Chester further challenges the award of costs in this matter because the vast majority of the deposition costs sought by the defendants were for depositions taken well after her attempts to discover the number of employees of the YES Center, and after Geringer refused to answer the relevant interrogatory and before the YES Center made any attempt to answer the interrogatory. Chester argues that defendants' refusal to provide the essential information concerning the number of employees of the YES Center and their undue delay in ultimately providing that information constitute exceptional circumstances allowing this court to grant her relief from the judgment for costs pursuant to *Fed.R.Civ.P.* 60(b), because she would not have pursued litigation in federal court had timely responses been received.

Defendants argue that Chester's version of the facts is incomplete. The YES Center asserts that it denied that it was an employer subject to Title VII in its answer to Chester's complaint in April of 1993. Thus, the YES Center asserts that Chester had notice of defendants' position that there was no subject matter jurisdiction in this matter long before the motions for summary judgment were filed. Defendants also point out that in her resistance to summary judgement Chester did not assert that the YES Center had sufficient employees to be subject to Title VII, but that all of the counties who had created the YES Center were her employers and among them plainly had sufficient employees to be subject to Title VII. Geringer also argues that Chester took no steps in response to his refusal to provide information concerning the number of employees of the YES Center and therefore cannot now complain that defendants impeded her access to the information concerning the number of employees of the YES Center.

 The court notes that the local rules of the Northern District of Iowa establish the procedures for objecting to taxation of costs in N.D.Ia. LR 21. The court does not believe that Chester has made a timely challenge to taxation of specific costs under the procedures stated in N.D. Ia. LR 21.[2] How-

2. N.D.Ia. LR 21(a) provides in pertinent part:
 a. Procedure for Taxation.
 1. District Court Before Appeal (Fed. R.Civ.P. 54(d)).
 A. Forms Supplied by Clerk. After entry of judgment in a civil case the Clerk shall forthwith mail a copy of Form A.O. 133 to the party entitled to recover costs.
 B. Completion of Forms. The party entitled to recover costs shall complete the form supplied and cause it to be filed with the Clerk and served upon counsel for the adverse party within fourteen (14) days from the mailing of the form. Failure to file within the required time shall constitute a waiver of the right to tax costs.

 C. Taxation by Clerk. The party opposing the taxation of costs shall have ten (10) days from the filing of the Bill of Costs to file any resistance to the taxation of costs. After that time the Clerk shall tax the costs in the amount he deems appropriate and either party may seek review of his ruling in accordance with Fed.R.Civ.P. 54(d).
 Chester's motion for relief from judgment, if construed as objections to the taxation of costs, was filed more than ten days after the Bills of Costs were filed by the defendants. Although tardy as an objection to the taxing of costs under the local rule, Chester's motion is premature under *Fed. R.Civ.P.* 54(d), because it was not "served within

ever, Chester makes only a tangential challenge to the award of specific items as costs in this case. Instead, her primary challenge is to the judgment awarding any costs in favor of the defendants. Such a challenge may properly be brought under *Fed.R.Civ.P.* 60(b), because it addresses a final order of the court. *St. Mary's Health Center of Jefferson City v. Bowen,* 821 F.2d 493, 498 (8th Cir.1987) (rule requires a final judgment before relief can be granted); *Spinar v. South Dakota Bd. of Regents,* 796 F.2d 1060, 1063 (8th Cir.1986) (same). Her challenge is also timely: Chester asserts as her ground for relief from judgment *Fed.R.Civ.P.* 60(b)(6), which provides that if none of the other enumerated reasons is applicable, the court may grant relief for "any other reason justifying relief from the operation of the judgment," and such a challenge "shall be made within a reasonable time." *Fed.R.Civ.P.* 60(b). The court concludes that Chester's challenge, following the court's entry of judgment by less than thirty days, was made "within a reasonable time."

■■■■ The grant of a motion for relief from judgment under *Fed.R.Civ.P.* 60(b) requires a finding of exceptional or extraordinary circumstances. *Robinson v. Armontrout,* 8 F.3d 6, 7 (8th Cir.1993) (Rule 60(b) provides extraordinary relief only upon showing of exceptional circumstances); *Reyher v. Champion Int'l Corp.,* 975 F.2d 483, 488–89 (8th Cir.1992); *United States v. Young,* 806 F.2d 805, 806 (8th Cir.1986) (*per curiam*), *cert. denied,* 484 U.S. 836, 108 S.Ct. 117, 98 L.Ed.2d 76 (1987). However, the court's ultimate decision to grant or deny such a motion rests in its sound discretion. *Larson v. Heritage Square Associates,* 952 F.2d 1533, 1535 (8th Cir.1992) (review limited to abuse of discretion); *Assoc. for Retarded Citizens v. Sinner,* 942 F.2d 1235, 1240 (8th Cir.1991) (appeal from ruling of Rule 60(b) motion does not bring up for review underlying judgment, but only question of whether court abused its discretion in ruling on motion); *Sanders v. Clemco Indus.,* 862 F.2d 161, 169 (8th Cir. 1988) (review limited to abuse of discretion); *Young,* 806 F.2d at 806 (same). A motion under Rule 60(b) is not intended as a substitute for a direct appeal from an erroneous judgment. *Spinar,* 796 F.2d at 1062. Rule 60(b) was intended to preserve "the delicate balance between the sanctity of final judgments ... and the incessant command of a court's conscience that justice be done in light of all the facts." *Rosebud Sioux Tribe v. A & P Steel, Inc.,* 733 F.2d 509, 515 (8th Cir.1984) (quoting *Good Luck Nursing Home, Inc. v. Harris,* 636 F.2d 572, 577 (D.C.Cir.1980), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984)). The "other reason" clause, found in Rule 60(b)(6), the ground asserted here by Chester, "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 390–91, 93 L.Ed. 266 (1949); *Atraqchi v. Fed. Bureau of Investigation,* 959 F.2d 740 (8th Cir.) (*per curiam*), *cert. denied,* —— U.S. ——, 112 S.Ct. 1955, 118 L.Ed.2d 558 (1992). The court turns to the question of whether the circumstances of this case make appropriate relieving Chester of that part of the judgment awarding defendants their costs in this case.

■■■■ Resolution of this question depends upon the court's discretion to award, or not to award, costs to the prevailing party under *Fed.R.Civ.P.* 54(d)(1). That rule states in pertinent part that

> [e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party *unless the court otherwise directs....*

*Fed.R.Civ.P.* 54(d)(1). This rule, and 28 U.S.C. § 1920, which provides for taxation of certain enumerated items as costs, are both phrased in permissive terms, because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Hibbs v. K-Mart Corp.,* 870 F.2d 435, 443 (8th Cir.1989) (upholding district court's denial of all but $27.50 of costs sought as no abuse of discre-

---

5 days" after taxation of costs by the Clerk, since the Clerk has not yet taxed any costs.

tion where court found the costs not reasonably necessary to conduct of the case); *Pershern v. Fiatallis North Am., Inc.*, 834 F.2d 136, 140 (8th Cir.1987) (no abuse of discretion). Thus "[t]he allowance of costs to the prevailing party is not obligatory." *Wal–Mart Stores, Inc. v. Crist*, 123 F.R.D. 590, 594 (W.D.Ark.1988) (H. Franklin Waters, Chief Judge) (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d*, § 2668, and finding that cases construing the rule "clearly support the author's statement"). In keeping with this discretion, "federal courts are free to pursue a case-by-case approach to make their decisions on the basis of the circumstances and equities of each case, including such matters as the effort and expense of the parties." *Id.* (also quoting Wright, Miller & Kane). The court in *Crist* therefore identified as relevant considerations the "absence of clear victory" and "indigency and good faith" of the non-prevailing party, which would weigh in favor of ordering each party to bear its own costs. *Id.* (citing Bartel, *Taxation of Costs and Awards of Expenses* (1984), 101 F.R.D. 553, 559–62.), *but see Myrick v. TNT Overland Express*, 143 F.R.D. 126, 128 (N.D.Ohio 1992) (finding that the Sixth Circuit rejected indigency and good faith as grounds for refusing to award costs in *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732–33 (6th Cir.1986)). Other courts have formulated the relevant considerations as including:

> 1) where taxable expenditures are unnecessary or are unreasonably large; 2) where the prevailing party should be penalized for unnecessarily prolonging the trial or for injecting unmeritorious issues; 3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the non-prevailing party; and 4) where the case is "close and difficult."

*Myrick*, 143 F.R.D. at 128 (citing *White & White*, 786 F.2d at 732).

■ In the present case, the court finds that defendants did not achieve anything like a "clear victory." Rather, this court dismissed Chester's suit for want of a federal question, but found that Chester had cognizable claims for discrimination and intentional infliction of emotional distress under state law. Furthermore, dismissal on the ground the court used might have been obtained voluntarily had defendants been more forthcoming in the discovery process. Defendants' answer, denying subject matter jurisdiction on the basis of Title VII claims, did no more than put at issue the number of employees of the YES Center. Chester made appropriate response to defendants' injection of that question by promptly serving an interrogatory designed to discover the number of employees of the YES Center. By any reasoning, the YES Center's response to that interrogatory over a year into the litigation was not forthcoming, and may have unnecessarily delayed resolution of the issue of federal question jurisdiction. The court has reviewed the various costs defendants seek and does not believe that any of those costs would have been precluded by earlier dismissal of this matter in favor of state court proceedings. Defendants certainly did not incur these expenses solely because Chester maintained her action in federal court while attempting to verify the number of employees of the YES Center and by arguing that the member counties, rather than the YES Center only, were her employers. Awarding defendants their costs at this point would amount to a windfall financing continuing litigation. If the court refuses to award costs to defendants in this case, defendants will not be in any different position than they would have occupied had the matter been dismissed in favor of litigation in state court much sooner.

The court considers also that Chester made her arguments concerning federal court jurisdiction in good faith both on the basis that the YES Center had sufficient employees, while seeking to verify that, and on the basis that the member counties were all her employers. Furthermore, the court concludes that there is a significant disparity in the resources between Chester and defendants suggesting that allowing each party to bear its own costs would be just. *Crist*, 123 F.R.D. at 595 (disparity of resources not enough alone, but coupled with absence of clear victory supported conclusion that parties should bear their own costs).

The court concludes that all of these circumstances amount to exceptional circumstances justifying relief from the award of costs in this case. The court will therefore grant Chester's motion by ordering each party to bear its own costs in this matter.

 In the alternative, the court has reviewed the standards for awarding specific costs under 28 U.S.C. § 1920 and *Fed. R.Civ.P.* 54(d). In the application of the rule and the statute, the court must carefully scrutinize the claimed costs and the support offered for them. *Farmer v. Arabian Oil Co.,* 379 U.S. 227, 232–33, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964); *Alexander v. Nat'l Farmers Org.,* 696 F.2d 1210, 1212 (8th Cir. 1982), *cert. denied,* 461 U.S. 937, 103 S.Ct. 2108, 77 L.Ed.2d 313 (1983); *Koppinger v. Cullen–Schiltz & Assoc.,* 513 F.2d 901, 911 (8th Cir.1975); *Romero v. United States,* 865 F.Supp. 585, 594 (E.D.Mo.1994). Generally, the expenses of taking or obtaining copies of depositions which are not used at trial or in support of dispositive motions are not taxable as costs, unless they were reasonably necessary to the case and not purely for investigative purposes. *See, e.g., Koppinger,* 513 F.2d at 911 (stating this rule for depositions not used at trial); *Nelson v. Darragh Co.,* 120 F.R.D. 517, 519 (W.D.Ark 1988) (recognizing that rule in that district is that absent a special showing, costs will not be taxed for depositions not used at trial, citing *Evans v. Fuller,* 94 F.R.D. 311, 313–14 (W.D.Ark. 1982)); *accord Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 434 (10th Cir.1990) (court allowed only costs of depositions actually utilized by court in disposing of motion for summary judgment, rejecting costs for depositions the court concluded were added as "cumulative and irrelevant information" not necessary to consideration of the merits of the case); *Ramos v. Lamm,* 713 F.2d 546, 560 (10th Cir.1983) (when copies of depositions are reasonably necessary for litigation, costs of the copies are allowed under 28 U.S.C. § 1920(4)).

The court concludes that no depositions were necessary in this case to support a motion for summary judgment on the ground that the YES Center lacked sufficient employees to be an employer subject to Title VII. Defendant YES Center affirmatively alleged that it was not an employer subject to Title VII in its answer to Chester's complaint filed in April of 1993. A motion to dismiss or for summary judgment on this ground could have been brought shortly thereafter without conducting any depositions. Instead, defendants rebuffed or stalled Chester's attempts to ascertain the number of employees of the YES Center. Because no depositions were utilized by the court in its resolution of the issue of federal jurisdiction, no depositions were necessary to its disposition of the case. The court concludes that all of the depositions were purely investigative of the merits of other claims. In these circumstances, no deposition costs were reasonably necessary in this case, nor were any of the copying costs or witness fees defendants seek to have taxed as costs necessary to resolution of federal jurisdiction in this matter. None of these costs will be awarded pursuant to 28 U.S.C. § 1920. In the alternative, therefore, pursuant to 28 U.S.C. § 1920, *Fed.R.Civ.P.* 54(d), and its review of the Bills of Costs, the court concludes that defendants have no costs taxable to plaintiff in this matter.

**IT IS SO ORDERED.**