**Willard N. GILKERSON, Appellee,**

v.

**TOASTMASTER, INC., Appellant.**

No. 84–2568.

United States Court of Appeals,
Eighth Circuit.

Submitted April 9, 1985.

Decided Aug. 14, 1985.

Rehearing Denied Sept. 17, 1985.

Julian D. Schreiber, Chicago, Ill., for appellant.

Alice Beshoner, Kansas City, Mo., for appellee.

Before ROSS and JOHN R. GIBSON, Circuit Judges, and MEREDITH,* District Judge.

---

* The HONORABLE JAMES H. MEREDITH, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

ROSS, Circuit Judge.

Willard N. Gilkerson brought this action against Toastmaster, Inc. (Toastmaster) claiming that Toastmaster discharged him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34 (1976). In accordance with the jury's verdict, the district court [1] entered judgment in favor of Gilkerson and awarded him actual and liquidated damages. Toastmaster appeals from the judgment and from the order of the district court denying its motion for judgment notwithstanding the verdict, or, in the alternative, motion for a new trial. We affirm in part and reverse in part.

## FACTS

Gilkerson was employed by Toastmaster as a District Sales Manager from August 1980 to April 1982. From October 1962 to August 1980 Gilkerson was employed in the same capacity by Toastmaster's predecessor corporation, McGraw-Edison Co. Toastmaster's manufactures small household appliances and employs salesmen to sell its products to retail and catalog houses in specified regions throughout the United States. Gilkerson was one such salesman and at all times relevant to this case, was assigned to the Kansas City territory within the company's midwest sales region.

In February 1982 Mr. Sidney Hose, Toastmaster's Vice-President of Marketing, decided to discharge one district sales manager from each of the four sales regions as a cost savings measure. Hose sought and obtained recommendations for discharge from the four regional managers. He followed the recommendations of the regional managers and terminated four salesmen, three of whom were in the age group protected by the ADEA.

Gilkerson, one of the four discharged salesmen, had been recommended for termination by his regional manager, Mr.

---

1. The Honorable Richard H. Ralston, United States Magistrate for the Western District of Missouri, presiding by consent of the parties under 28 U.S.C. § 636(c)(3).

Scott Thrasher, who perceived Gilkerson to be the least effective salesman in his region. In April 1982 Hose and Thrasher met with Gilkerson and notified him of his termination. Gilkerson was 56 years old at the time of his discharge. For a time following Gilkerson's termination, Thrasher fulfilled Gilkerson's sales duties, but in July 1982 Toastmaster transferred Mr. Mark Sommerer, 25 years old, from the Chicago territory to Kansas City to cover Gilkerson's sales region.

Gilkerson instituted this action alleging age discrimination in violation of the ADEA, and his case was tried to a jury. The jury awarded Gilkerson $40,000 in actual damages and an additional $40,000 in liquidated damages for a willful violation of the ADEA pursuant to 29 U.S.C. § 626(b). Thereafter, the trial court denied Toastmaster's motion for a judgment notwithstanding the verdict or for a new trial and subsequently awarded Gilkerson attorney fees and costs. Toastmaster appeals.

**DISCUSSION**

Toastmaster first contends that based upon the evidence before it, the jury could not reasonably conclude that age was a determining factor in Gilkerson's discharge and that its motion for judgment notwithstanding the verdict, or alternatively for a new trial, should have been granted. We disagree.

In an action brought under the ADEA, to recover for age discrimination, the plaintiff has the initial burden of establishing a prima facie case of age discrimination. Once such a showing has been made, the burden of production shifts to the employer to produce evidence showing that its actions were taken for legitimate, nondiscriminatory reasons. If the employer succeeds in making such a showing, the ultimate burden of persuasion lies with the plaintiff to show that age was a determining factor in the actions taken by the employer. *Jorgensen v. Modern Woodmen of America*, 761 F.2d 502, 504 (8th Cir.1985); *Cleverly v. Western Electric Co.*, 594 F.2d 638, 641 (8th Cir.1979); *Cova v. Coca-Cola Bottling Co. of St. Louis*, 574 F.2d 958, 960 (8th Cir.1978).

As the Supreme Court has stated, the ultimate issue of fact in cases such as this—whether the actions of the employer were discriminatory or not—is to be reviewed under the same standards as those in other cases. *See United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 714–15, 103 S.Ct. 1478, 1481–82, 75 L.Ed.2d 403 (1983). In the present action, because the case was fully tried on the merits, we focus our attention on the ultimate question presented and not on the adequacy of a party's showing at any particular stage of the analysis set down in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) as applied in an age discrimination case. We must determine whether the record contains evidence upon the basis of which a reasonable trier of fact could have concluded as the jury did. Of course we are mindful that the plaintiff carries the ultimate burden of persuasion to prove his case by either direct evidence of discrimination or evidence that the reasons given by the employer for its actions are a pretext to cover the discriminatory motive. *Dace v. ACF Industries, Inc.*, 722 F.2d 374, 377 (8th Cir.1983) *citing Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981).

Toastmaster offered evidence of a legitimate, nondiscriminatory reason for discharging Gilkerson, that is, Toastmaster claimed that Gilkerson was the least effective salesman when compared to the other salesmen in his region. Specifically, Toastmaster's witnesses stated that Gilkerson was selected for termination because he failed to work closely with his retail accounts, had poor customer relations, lacked motivation, and had unsatisfactory sales performance when compared to his sales quota.

The fact that Toastmaster articulated a legitimate, nondiscriminatory reason for firing Gilkerson does not, however, entitle it to a verdict in its favor or a judgment notwithstanding the verdict. The jury in its consideration of all the evidence could still find that the plaintiff's evidence established that the reasons articulated were

pretextual. *See Tribble v. Westinghouse Electric Corp.,* 669 F.2d 1193, 1196 (8th Cir.1982), *cert. denied,* 460 U.S. 1080, 103 S.Ct. 1767, 76 L.Ed.2d 342 (1983). Based upon the verdict for Gilkerson, we believe that the jury adopted Gilkerson's version of the case and considered the reasons offered by Toastmaster to be pretextual and Toastmaster's actions to be discriminatory.

■■■ We have carefully examined the record before us and conclude that there was sufficient evidence to support the jury's verdict. This is a close case, and it may well be that the panel if sitting as the trier of fact might have found Toastmaster's proffered reason for Gilkerson's discharge was not pretextual. However, that is not our task here, and we must assess the sufficiency of the verdict in the context of the district court's denial of Toastmaster's motion for judgment notwithstanding the verdict. In doing so we must: 1) consider the evidence in the light most favorable to Gilkerson, who prevailed with the jury; 2) assume that all conflicts in the evidence were resolved by the jury in Gilkerson's favor; 3) assume as proved all facts which Gilkerson's evidence tends to prove; 4) give Gilkerson the benefit of all favorable inferences which may reasonably be drawn from the facts proved; and 5) affirm the denial of the motion if reasonable persons could differ as to the conclusions to be drawn from it. *Cleverly v. Western Electric Co., supra,* 594 F.2d at 641; *Farner v. Paccar, Inc.,* 562 F.2d 518, 522 (8th Cir.1977). Further, for an order entering judgment notwithstanding the verdict to be proper, all the evidence must point one way and be susceptible of no reasonable inferences sustaining the position of the nonmoving party. *Brown v. Syntex Laboratories, Inc.,* 755 F.2d 668, 671 (8th Cir.1985).

Reviewing Gilkerson's evidence in light of the above, we cannot say that no reasonable trier of fact could have found in favor of Gilkerson. The jury had before it evidence that 1) in 1976 Gilkerson was one of only two top salesmen to receive a paid Caribbean cruise and $1,000 bonus; 2) in 1980 Gilkerson was the top salesman in his region and that he missed his quota by less than one percent; 3) virtually none of the other salesmen made their quotas; 4) the sales quotas were unfairly set for the midwest region according to Gilkerson's expert witness; 5) Gilkerson had good customer relations according to three former customers who testified on his behalf at trial; 6) the evaluations of each salesman contained both positive and negative comments about the salesmen; and 7) Toastmaster had instituted a pension plan for its employees three months prior to Gilkerson's discharge, and that the average age of the company's employees would have been a consideration.

Based upon the evidence, the jury could reasonably believe that age was a determining factor in Toastmaster's decision to fire Gilkerson. We think the district court properly denied Toastmaster's motion for judgment notwithstanding the verdict, or new trial.

■■■ Toastmaster also challenges certain evidentiary rulings of the district court. Toastmaster argues that Gilkerson should not have been permitted to demonstrate that the sales quota system was unrealistic or that Toastmaster could have saved money by avoiding payments to Gilkerson's pension plan by discharging him. Toastmaster asserts that the trial court erred in making these evidentiary rulings because the fairness of the quota system was not an issue in the case and the evidence about the pension plans was irrelevant and misleading. Toastmaster also complains about a remark in the closing statements made by Gilkerson's counsel which apparently suggested that Toastmaster knew it could be purchased by Magic Chef (which it was in 1983) only if it discharged its older salesmen. The admission of expert testimony and the propriety of closing statements are matters committed to the broad discretion of the trial court and will not be the basis for reversal absent a showing of abuse of discretion. *Brown v. Syntex Laboratories, Inc., supra,* 755 F.2d at 672; *Wilfing v. General Motors Corp.,* 685 F.2d 1049, 1053 (8th Cir.1982). We have considered the trial court's rulings about which Toastmaster complains and find no such abuse of discretion.

■ Next, Toastmaster contests the jury's award of liquidated damages. Under the ADEA, liquidated damages are permitted only in cases of "willful violations." 29 U.S.C. § 626(b). It is now established that a violation is "willful" if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." *Trans World Airlines, Inc. v. Thurston,* — U.S. ——, 105 S.Ct. 613, 625–26, 83 L.Ed.2d 523 (1985). Toastmaster contends that the evidence in this case does not support an award of liquidated damages because its conduct cannot reasonably be held to meet the *Thurston* test for willfulness. Gilkerson takes the position that the jury could reasonably believe that Toastmaster was in willful violation of the ADEA because there was evidence that the quota system was unfair, that Gilkerson's supervisors knew of the ADEA and that "false" information was submitted by Toastmaster to the EEOC concerning Gilkerson's performance record during the agency's investigation. We disagree.

■ By its verdict on liquidated damages the jury determined that Toastmaster's violation of the ADEA was willful in the sense that Toastmaster knowingly and voluntarily terminated Gilkerson with knowledge that its acts violated the ADEA.[2] We have scrupulously searched the record for evidence to support the jury's finding of willfulness and, quite simply, have found no facts or reasonable inferences tending to establish such. Neither the evidence of the alleged misrepresentation to the EEOC during its investigation of Gilkerson's complaint, nor the other evidence provides rational support for a finding of willfulness. A mathematical error does not constitute "reckless disregard" under the facts of this case, and Toastmaster's knowledge of the ADEA is not the equivalent of Toastmaster's knowledge that its conduct violated the ADEA. *See Thurston, supra,* 105 S.Ct. at 626. Willfulness was not established, nor could reasonable jurors have concluded that it was. We hold that Toastmaster's violation of the ADEA was not willful within the meaning of section 626(b) and that the district court erred in failing to grant Toastmaster a judgment notwithstanding the verdict on the claim for liquidated damages.

Accordingly, we affirm the district court's judgment awarding Gilkerson actual damages and reverse its judgment that Gilkerson is entitled to liquidated or double damages. Each party is to pay its own costs of appeal.

---

2. The jury was instructed that the burden of proof was on Gilkerson to establish by a preponderance of the evidence that Toastmaster's violation was willful if Toastmaster knowingly and voluntarily terminated Gilkerson with knowledge that its acts violated the ADEA.