**Walter L. BROOKS, Appellee,**

v.

**MONROE SYSTEMS FOR BUSINESS, INC., Appellant.**

**No. 88–1917.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1988.

Decided April 26, 1989.

Rehearing and Rehearing En Banc Denied June 5, 1989.

Leonard Singer, Kansas City, Mo., for appellant.

Kelly L. McClelland, Liberty, Mo., for appellee.

Before BOWMAN and MAGILL, Circuit Judges, and HANSON,* Senior District Judge.

MAGILL, Circuit Judge.

Walter Brooks sued his former employer, Monroe Systems for Business, Inc. (Monroe), claiming he had been discharged because of his age, contrary to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34 (1982). The jury found for Brooks, and the district court denied Monroe's motions for judgment notwithstanding the verdict and for a new trial. Monroe now appeals to this court, and we affirm.

I.

In 1985, Brooks, then 54, was the oldest of six servicemen repairing and maintaining office machines in the service department of Monroe's Kansas City, Missouri district office. During the summer of 1985, Monroe ordered a reduction in its service labor force. Gerald Tully, regional services operations manager, chose to re-

---

* The HONORABLE WILLIAM C. HANSON, Senior District Judge for the Northern and South-ern Districts of Iowa, sitting by designation.

duce forces in the Kansas City district of his region. Clay Sturrock, manager of the Kansas City district, testified that Tully instructed him to terminate the highest paid service employee in Kansas City, and that he relayed this information to the district service manager, Anthony Leier. Leier testified that he was instructed by Tully directly to reduce the service staff by one, that Tully did not offer any criteria for the decision, and that Leier chose to discharge Brooks because he was the least senior employee without photocopier training. Brooks was discharged in August of 1985.

Monroe contends that as a matter of law, Brooks failed to establish that age was a determining factor in his discharge, or that the proffered reasons for Brooks' discharge were pretextual. Monroe also claims that Brooks failed to plead and prove that he had met the administrative filing requirements of the ADEA.

### II.

In reviewing the verdict, our role is to ascertain whether the record contains evidence from which a reasonable fact finder could have concluded that age discrimination was a determining factor in Brooks' dismissal. *Gilkerson v. Toastmaster, Inc.,* 770 F.2d 133, 135 (8th Cir.1985). In assessing the sufficiency of the verdict, we must (1) consider the evidence in the light most favorable to Brooks, the prevailing party; (2) assume the jury resolved evidentiary conflicts in Brooks' favor; (3) assume as proved all facts which Brooks' evidence tends to prove; and (4) give Brooks the benefit of all favorable inferences which may be reasonably drawn from the facts proved. *Gilkerson,* 770 F.2d at 136.

■ Although this is a close case, we conclude that there was sufficient evidence to support the jury's verdict in Brooks' favor. Brooks was described by Sturrock as "an excellent worker" and he received high performance ratings in each of the four years before his discharge. Brooks' field experience with copier repairs was limited but he did have extensive experience with in-shop copier repair. Brooks had repeatedly requested to be sent to copier

repair school; he was told to engage in self-study. After Brooks' discharge, Monroe sent another employee, Fred Taylor, to a photocopier repair school. Brooks testified that on one occasion Tully told Brooks, "We old people have to stick together," to which Brooks replied, "Talk for yourself." While Sturrock testified that he relayed Tully's order to discharge an employee to Leier, Leier testified that he received his instructions directly from Tully.

■ In reviewing the verdict, we address the ultimate factual issue of whether Monroe discriminated against Brooks on account of age. Although no single piece of Brooks' indirect evidence proves discrimination, the evidence viewed in its entirety was sufficient to support the jury's verdict. The jury could, and apparently did, disbelieve Monroe's proffered reason for Brooks' discharge, i.e., that he lacked training, when his requests for training were turned down and another employee received training after Brooks' discharge. Submission by an employer of a discredited reason to discharge is itself evidence of discriminatory motive. *MacDissi v. Valmont Indus., Inc.,* 856 F.2d 1054, 1059 (8th Cir.1988). The inconsistencies between the testimony of Monroe's employees (Sturrock and Leier) over the reasoning and procedure in deciding to fire Brooks might also persuade a jury to infer that the proffered reason was pretextual. *Dace v. ACF Indus., Inc.,* 722 F.2d 374, 378 n. 8 (8th Cir. 1983) (discrepancies support jury's disbelief in proffered reason for discharge); *cf. Estes v. Dick Smith Ford, Inc.,* 856 F.2d 1097, 1101 (8th Cir.1988) (change in proffered explanation supports inference that reasons are pretextual). And, while a single reference to age does not necessarily prove an intent to discriminate, in context of all the facts it may be evidence of discriminatory intent. *Leichihman v. Pickwick International,* 814 F.2d 1263, 1268, 1271 (8th Cir.1987).

### III.

Monroe argues that it is entitled to judgment because Brooks failed to plead and

**205**

prove that he filed a charge with the Equal Employment Opportunity Commission (EEOC). Monroe contends that in the absence of such pleading and proof, Brooks has failed to state a claim upon which relief can be granted.

The ADEA states that a civil action may not be commenced until sixty days after a charge alleging unlawful discrimination has been filed with the EEOC. 29 U.S.C. § 626(d) (1985 and Supp.1988). We view the administrative filing requirement as a condition precedent to suit subject to the pleading requirements of Rule 9(c) of the Federal Rules of Civil Procedure. *Stearns v. Consolidated Management, Inc.,* 747 F.2d 1105, 1110–11 (7th Cir.1984). For a plaintiff to properly plead performance of conditions precedent, "it is sufficient to aver generally that all conditions precedent have been performed or have occurred." Fed.R.Civ.P. 9(c). Brooks' complaint does not allege that the requisite administrative filing has been made. Monroe, however, ignored the Rule's plain requirement that "denial of performance or occurrence shall be made specifically and with particularity." *Id.* "Rule 9(c) has the effect of forcing defendant to raise the issue whenever he believes there actually is a question about performance." 5 C. Wright and A. Miller, *Federal Practice and Procedure,* § 1304 (1969).

Monroe contends that it raised the issue of nonperformance by asserting Brooks' failure to state a claim upon which relief can be granted in both its answer and its motion for a directed verdict. However, Monroe's mere assertion of "failure to state a claim" was not specific enough to join the issue. *Cf. EEOC v. Standard Forge & Axle Co.,* 496 F.2d 1392, 1395 (5th Cir.1974) (Title VII defendant should follow Rule 9(c) to join issue on satisfaction of conditions precedent). Although Monroe added a citation to § 626(d) to its contention that Brooks had failed to state a claim in its motion for judgment notwithstanding the verdict, the defense of failure to state a claim must be raised at the latest at trial on the merits. Fed.R.Civ.P. 12(h)(2). Mon-

roe waived this defense by not identifying the basis for its claim in timely fashion. *Black, Sivalls & Bryson v. Shondell,* 174 F.2d 587, 590–91 (8th Cir.1949).

## IV.

For the foregoing reasons, we affirm the order of the district court upholding the judgment in Brooks' favor.