980 F.2d 734
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Mark Noeding GROSVENOR, Appellant,
v.
DES MOINES AREA COMMUNITY COLLEGE, an educational
institution; Lynn Albrect, individually and as an employee
of DMACC; Vera Cole, individ- ually and as an employee of
DMACC; Student Assistance Program, a self-help insti
tution; Lorraine Jones, individ ually and as an employee of
the Student Assistance Program; Capstone Center, Inc.;
Jasper County, a municipality; Larry Anderson, individually
and as an employee of Capstone Center, Inc,; Mike Perry,
individually and as an employee of DMACC; Dr. Karl
Northwall, individually and an as employee of Capstone
Center, Inc., Appellees.
Mark Noeding Grosvenor, Appellant,
v.
Des Moines Area Community College, an educational
institution; Lynn Albrect, individually and as an employee
of DMACC; Vera Cole, individually and as an employee of
DMACC: Carolyn Waddel, individually and as an employee of
DMACC; Student Assistance Program, a self- help
institution; Lorraine Jones, individually and as an
employee of Student Assistance Program; Capstone Center,
Inc.; Jasper County, a municipality; Larry Anderson,
individually and as an employee of Capstone Center, Inc;
Mike Perry, individually and as an employee of DMACC; Dr.
Karl Northwall, individually and as an employee of Capstone
Center, Inc., Appellees.
 Nos. 92-1235, 92-1483.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 8, 1992.
Filed: December 11, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In these consolidated appeals, Mark Noeding Grosvenor appeals from two orders of the district court[1]. The first order dismissed his civil rights action without prejudice; the second order denied his motion for reconsideration. We affirm the first order and dismiss Grosvenor's appeal of the second order.
 
 
 2
 In July 1991 Grosvenor, an Iowa citizen, filed this action under 42 U.S.C. § 1983 against Des Moines Area Community College ("DMACC"); four DMACC employees; the Student Assistance Program and its employee Lorraine Jones; Jasper County Mental Health Center (the "Health Center")[2]; Jasper County; and Health Center employees Larry Anderson and Dr. Karl Northwall. Grosvenor alleged that defendants participated in various ways in forcing him to undergo involuntary counseling at the Health Center, where he was negligently diagnosed as being acutely paranoid and delusional. Grosvenor claimed that defendants, acting under color of state law, deprived him of his due process and free speech rights, and his right to be free from unreasonable restraint and discrimination. He added a negligence count against Anderson, Northwall, the Health Center, and Jasper County.
 
 
 3
 Northwall, the Health Center, and Anderson moved to dismiss, arguing that they were not acting under color of state law and that the face of the complaint showed lack of complete diversity. Northwall attested that he was a licensed physician in private practice, who had been acting as an independent contractor to the Health Center. Anderson attested that he was a licensed social worker and an employee of the Health Center-a private non-profit Iowa corporation. Both Northwall and Anderson attested that Grosvenor had come in alone and voluntarily, they had seen him only on an out-patient basis, and he was free to leave at will. DMACC and its employees also moved to dismiss. After holding a hearing and considering the parties' motions, as well as Grosvenor's responses to those motions, the district court ultimately concluded that Grosvenor had failed to plead facts showing that any defendant had acted under color of state law. It dismissed Grosvenor's suit without prejudice on December 27, 1991.
 
 
 4
 On January 17, 1992, Grosvenor moved for reconsideration of the December 27 judgment, essentially restating his jurisdictional arguments. The DMACC defendants argued that the motion was untimely and meritless. On January 27, 1992, Grosvenor filed a notice of appeal from the December 27 judgment. On January 29, 1992, the district court denied the motion for reconsideration as meritless. On February 27, 1992, Grosvenor filed a notice of appeal from the January 29 order.
 
 
 5
 Because Grosvenor timely appealed the December 27 judgment, we view his "motion for reconsideration"-which was filed more than ten days after judgment and did not raise grounds under Federal Rule of Civil Procedure 60(b)-as an untimely Rule 59(e) motion. See Reyher v. Champion Int'l Corp., 975 F.2d 483, 488 (8th Cir. 1992); Sanders v. Clemco Indus., 862 F.2d 161, 164-65 (8th Cir. 1988) (construing motion for reconsideration as Rule 60(b) motion to preserve appeal). Thus, on January 29, the district court lacked jurisdiction to rule on the merits of the motion, and we cannot review that ruling. Accordingly, we review only the court's December 27 judgment.
 
 
 6
 For reversal Grosvenor argues, as he did below, that the Health Center defendants are state actors, because the State of Iowa exercises its public function of mental health care through the Health Center; he notes that the county contracts with the Health Center and gives it funds, and that the state regulates and coordinates mental health care. He also argues that, although the DMACC defendants are otherwise private actors, they derived significant aid from the Health Center defendants and thus became state actors.
 
 
 7
 Grosvenor's arguments are unavailing. He has not shown that the Health Center performs a function traditionally and exclusively reserved to the state. See Rendall-Baker v. Kohn, 457 U.S. 830, 842 (1982) (relevant question is not whether private group is serving public function but whether function has traditionally been exclusive prerogative of state); Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992) (community mental health center not state actor under "public function" test, because mental health service is not power traditionally and exclusively reserved to state). The Health Center's alleged funding and regulation are not dispositive either. See Blum v. Yaretsky, 457 U.S. 991, 1004-11 (1982) (private nursing home not state actor despite extensive regulation and fees from state); Rendall-Baker, 457 U.S. at 832-33, 840-42 (private school for maladjusted students not state actor despite its operation under contract with state and receipt of state funds). Grosvenor has not shown a sufficient nexus between the state and his allegedly involuntary treatment to justify deeming the Health Center's action as that of the state. See Blum, 457 U.S. at 1004. Because the Health Center defendants were not state actors, Grosvenor cannot argue that the DMACC defendants became state actors based on their dealings with the Health Center.
 
 
 8
 We have considered and rejected Grosvenor's remaining arguments as meritless. We conclude that the district court correctly dismissed Grosvenor's suit.
 
 
 9
 Accordingly, we affirm the court's December 27 judgment, and we dismiss Grosvenor's appeal of the court's February 29 order.
 
 
 
 [1]
 The HONORABLE CHARLES R. WOLLE, United States District Judge for the Southern District of Iowa
 
 
 [2]
 The Health Center's name was subsequently changed to Capstone, Inc