21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
T.G. WHEDBEE, Jr.; Nancy Mann; Ruth Carole W. Cambio;
Riddick International, Incorporated; Rosbon D.B.
Whedbee, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
T.G. WHEDBEE, Jr.; Nancy Mann; Ruth Carole W. Cambio;
Rosbon D.B. Whedbee; Riddick International,
Incorporated, Defendants-Appellants.
 Nos. 93-1380, 93-1652.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 7, 1994.
Decided: April 21, 1994.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge; Franklin T. Dupree, Jr., Senior District Judge. (CA-92-44-2-CIV, CA-88-74-CIV-2-BO, CA-89-35-CIV-2-BO)
 Thomas Philip Swaim, Asst. U.S. Atty., Raleigh, NC, for appellee.
 Rosbon D.B. Whedbee, Ahoskie, NC, for appellant.
 James R. Dedrick, U.S. Atty., Raleigh, NC; Peter R. Shedor, Atty. Advisor General, Office of General Counsel, Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED IN PART AND REVERSED IN PART.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The Farmers Home Administration (FmHA) filed suit to recover from appellants $17,000 in proceeds from a sale of farm assets. The appellants acquired the proceeds as a result of a state action to which the government was not a party. The United States District Court for the Eastern District of North Carolina granted the government's motion for summary judgment awarding the FmHA the $17,000 in proceeds. Because appellants failed to appeal the district court's awards in a timely manner, we do not have jurisdiction to consider the merits of the appeal of that order.
 
 
 2
 The appellants also seek review of the district court's order on remand in a prior proceeding, Whedbee I. Again, due to a lack of timely notice of appeal, we do not have jurisdiction over the matter. However, with respect to the appellants' appeal in a timely manner of the district court's order granting the government preand post judgment interest, we find that we do have jurisdiction, and we reverse the district court's decision in favor of the government.
 
 
 3
 The United States extended Jerry and Temperance Newsome a $223,000 loan through the FmHA. Aer, Riddick International, Inc.
 
 
 4
 The Newsomes filed for bankruptcy on January 26, 1983. Their Chapter 11 proceeding was converted to a Chapter 7 proceeding on May 17, 1984. The Newsomes were in Chapter 7 when the bankruptcy trustee abandoned certain pieces of farm equipment in which the United States held a security interest in July 1984. On August 17, 1984, the United States Bankruptcy Court for the Eastern District of North Carolina issued an order lifting the automatic stay with respect to the farm equipment so the government could proceed with foreclosure. FmHA assembled the equipment for an auction scheduled to occur on December 1, 1984.
 
 
 5
 In November 1984, prior to the time the auction took place, the defendant landlords and equipment dealer filed complaints in the Superior Court of Hertford County, North Carolina to attach the abandoned farm equipment. At the time, the Newsomes owed their landlords $10,500 and the equipment dealer $6,500. When FmHA learned of the state court actions, FmHA engaged in discussions with the defendants which resulted in a stipulated agreement that the FmHA auction would proceed, and that the proceeds would be paid over to the bankruptcy trustee pending further orders of the bankruptcy court. The government auction took place on December 1, 1984.
 
 
 6
 On January 4, 1985, following the auction, the defendants filed amended complaints in the state court to attach those proceeds in an in rem proceeding. They did not name the government as a party and, according to FmHA, the government did not receive notice of the attachments. Pursuant to orders of the state court, the auctioneer paid $17,000 into the state court registry on April 9, 1985. On April 25, 1985, pursuant to default judgments entered in favor of the appellants by the state court, the defendants took possession of the $17,000. On May 6 and May 13, 1985, the FmHA filed continuation statements. The Newsomes finally received their discharge in bankruptcy on October 30, 1985.
 
 
 7
 More than three years later, on December 19, 1988 and July 10, 1989 respectively, the United States proceeded to bring conversion actions against the landlords and the equipment dealer in the United States District Court for the Eastern District of North Carolina to recover $17,000 in proceeds (Whedbee I ). In that action the government claimed that its security interest in the Newsomes' farm equipment entitled it to all of the proceeds from the sale of the equipment.
 
 PROCEDURAL HISTORY
 
 8
 The government filed the first complaints against the defendants in 1988 and 1989 (Whedbee I ).[1] The government alleged that the landlords and the equipment dealer converted FmHA's security property by taking from the government's agent (the auctioneer who sold the farm equipment on behalf of the government) the proceeds of the sale of the equipment by means of a state court order.[2] The government alleged that it did not receive notice or an opportunity to be heard. Although the district court awarded the government summary judgment as to all claims, the Fourth Circuit ultimately resolved the legal issue in Whedbee I in the defendants' favor. United States v. Whedbee, 964 F.2d 330 (4th Cir.1992).[3]
 
 
 9
 On remand, the district court entered judgment for the defendants on July 27 and 28, 1992. The district court also awarhe district court's implementation of the Fourth Circuit's instructions in the Whedbee I remand proceedings and the district court's denial of their request for attorney's fees related to Whedbee I.
 
 
 10
 Meanwhile, prior to the entry of the July 1992 order in the defendants' favor in Whedbee I, the FmHA brought a second action involving a different legal question against the same parties (Whedbee II ). The government filed its second complaint on July 14, 1992 seeking declaratory relief under 28 U.S.C. Sec. 2201 and further equitable relief under Sec. 2202. The complaint giving rise to Whedbee II (the instant case) involves the same substantive facts as its predecessor, but, in Whedbee II, the government has attacked the state court orders which authorized the defendants' actions in the first place. The government filed suit to recover the $17,000 from the defendants by virtue of a declaratory ruling that the government's interest in the proceeds is superior to that claimed by the defendants and by the setting aside of the state court judgment as void.
 
 
 11
 Both the government and the defendants moved for summary judgment. In Whedbee II, the district court granted the government's motion for summary judgment on January 15, 1993, ordering the defendants to remit the $17,000 to the FmHA. The Whedbee II court held that the state court judgments authorizing defendants' possession of the proceeds were void, and that the government had a continuously perfected security interest in the Newsomes' equipment. The defendants appealed the district court's grant of summary judgment for the government on March 17, 1993.
 
 
 12
 One month after the entry of judgment, on February 10, 1993, the government filed an "unopposed" post-judgment motion for preand post-judgment interest. That motion was untimely. Construed as a motion pursuant to Rule 59(e) to alter or amend the judgment, the motion should have been filed within ten days of the judgment exclusive of weekends and holidays. The government should have filed its motion for interest by February 1, 1993, but did not file until February 10. The district court did not rule on the government's motion for several months.
 
 
 13
 In the meantime, as noted above, the appellants had filed an untimely Notice of Appeal on March 17, 1993, in an attempt to appeal the court's January 15 order. On July 8, 1993, the court finally granted the government's untimely filed post-judgment motion, awarding the government the interest it requested. The court did not comment on the fact that the government's motion had not been timely filed. On July 24, 1993, the appellants filed a timely Notice of Exception with the district court objecting to the court's postjudgment award of interest and noting that the appellants planned to appeal that issue as well.[4] As the above chronology demonstrates, the appellants in the instant case have appealed the district court's order in Whedbee I dated March 19, 1993. They have also appealed both the district court's initial order in Whedbee II dated January 15, 1993, and the district court's post-judgment award 1992087713;RT;;;
 
 THE JURISDICTIONAL BAR
 
 14
 The court does not have jurisdiction over the appeals of the district court's March 19, 1993 or January 15, 1993 Orders. The appellants have asserted that this court has jurisdiction over the appeals at issue pursuant to Federal Rule of Appellate Procedure 4(a)(1) and 26(c). Under Rule 4(a)(1), the appellants had 60 days from the date of the entry of the district court's orders to file a Notice of Appeal. In Whedbee I, the district court entered its order on March 19, 1993. Under Rule 4(a)(1), the appellants were required to file Notice by May 18, 1993. Appellants' Notice in that case, however, was not filed until May 19, 1993. In Whedbee II, the district court entered an order on January 15, 1993. Under Rule 4(a)(1), the appellants were required to file an appeal by March 16, 1993. The appellants' Notice of Appeal was filed in the clerk's office on March 17, 1993. In both cases, the appellants failed to comply with Rule 4(a)(1).
 
 
 15
 The appellants claim that Rule 26(c) allowed the parties an additional three days in which to file. Federal Rule of Appellate Procedure 26(c) reads as follows:
 
 
 16
 Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon that party and the paper is served by mail, 3 days shall be added to the prescribed period.
 
 
 17
 In the instant cases, the parties were not required to do an act after the service of a paper ... served by mail. Rather, the appellants were required to do an act, i.e., file a Notice of Appeal, within 60 days after the entry of judgment. Rule 26(c) is, therefore, not applicable. The parties did not have an additional three days in which to file a Notice of Appeal. In light of the applicable rules, the court does not have jurisdiction over either Whedbee I or Whedbee II.
 
 
 18
 Rule 4(a)(1) is mandatory and jurisdictional, and the court of appeals may not enlarge the time for filing a Notice of Appeal. Shah v. Hutto, 722 F.2d 1167, 1167 (4th Cir.1983), cert. denied, 466 U.S. 975 (1984). Rule 4(a)(5) provides for a 30 day extension of the normal filing period if there is a showing of excusable neglect. Appellants have asserted the applicability of the excusable neglect provision. However, it is unnecessary to examine the questions of whether these matters would constitute a showing of excusable neglect under Rule 4(a)(5). That rule provides that "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." "[A] motion to extend the time must be filed no later than thirty days after the expiration of the original appeal period in order for a court of appeals to have jurisdiction over the appeal." Shah, 722 F.2d at 1168.
 
 
 19
 To take advantage of Rule 4(a)(5), the appellants were required to submit a motion to that effect by April 15, 1993--within thirty days of March 16, 1993. Because they failed to do so, the appellants' request that the matter be ting to a notice of appeal, on July 24, 1993. Construing the government's motion as a motion made pursuant to Rule 59(e) to alter or amend the judgment, the interest request was not timely filed. The government had ten days from the date of the entry of the order in which to file such a motion, and it did not meet that deadline. The district court granted the government's motion for interest on July 8, 1993 despite the fact that it was not timely filed.
 
 
 20
 We have held, in an unpublished opinion Telford v. Vandusen, 1992 U.S.App. Lexis 18,021 (Nos. 91-3051 and 91-1566) (4th Cir.1992), that "[t]he filing periods in Rule 59(e) are mandatory and jurisdictional." Because the ten day filing period is a jurisdictional limitation, the district court did not have the authority to extend the time for the filing of the motion, nor did it have the authority to consider and grant a motion that was not timely filed. The district court's grant of the government's motion for interest should therefore be vacated.
 
 
 21
 Although the Telford opinion was unpublished, and, consequently, is not binding precedent, the reasoning therein is persuasive. It is reflected in a published opinion from the Sixth Circuit. In Gray v. Dukedom Bank, 216 F.2d 108 (6th Cir.1954), the appellee recovered a judgment against the appellant in October 1952. The appellee filed a motion for interest in July 1953 which the court granted in August. The court held that Rule 59(e) provides a limitations period of ten days not susceptible to enlargement by the district court. Because the award of interest was not authorized, the court reversed it. Likewise, other circuits have held that the time limit prescribed in 59(e) is jurisdictional and that it cannot be enlarged by the district court. Reyher v. Champion Int'l Corp., 975 F.2d 483, 489 (8th Cir.1992) (court loses jurisdiction over untimely motion under 59(e) and any ruling on it becomes a nullity); Vargas v. Gonzalez, 975 F.2d 916, 918 (1st Cir.1992) (the district court is without jurisdiction to grant an untimely 59(e) motion); Spinar v. South Dakota Bd. of Regents, 796 F.2d 1060, 1062 (8th Cir.1986) (district court has no jurisdiction over a Rule 59(e) motion made more than ten days after entry of judgment). Cf. De La Fuente v. Central Elec. Coop., Inc., 703 F.2d 63, 65 (3rd Cir.1983) (ten day period of Rule 59(b) is jurisdictional and cannot be extended in the discretion of the trial court).
 
 
 22
 Even though the appellants did not file a timely Notice of Appeal to the court's March 1993 order, they did file a timely Notice of Exception to the award of interest which may be construed as a timely Notice of Appeal as to the court's order awarding preand postjudgment interest to the government. Because the district court lacked jurisdiction to consider that motion, we vacate the award.
 
 
 23
 The appellants are troubled by the fact that the district court's order may have the effect of holding the landlords and the equipment dealer jointly liable for the $17,000. The cases were consolidated because they involved issues arising out of the same facts as well as identical parties. The defendant landlords made a state claim for and received the sum of $10,500. Riddick Corporation, the equipment dealer, claimed and in both cases include T.G. Whedbee and Nancy Mann. The Whedbee and Mann actions have been consolidated on numerous occasions for review purposes. For convenience sake, we will refer to the earlier proceedings involving both Mann and Whedbee as Whedbee I, and the later proceedings involving both Mann and Whedbee, as Whedbee II.
 
 
 24
 Whedbee I proceedings were commenced in 1988 and 1989, and the relevant district court order was entered on March 19, 1993. The term "Whedbee II " refers to the most recent proceedings initiated by the government, also known as United States v. Whedbee. Whedbee II proceedings were commenced in July 1992, and the relevant district court order was entered on January 15, 1993. Nancy Mann and T.G. Whedbee have been parties to all proceedings.
 
 
 
 [2]
 Under North Carolina law, conversion is defined as the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." United States v. Whedbee, 964 F.2d 330, 333 (4th Cir.1992)
 
 
 [3]
 The Fourth Circuit held that the government was unable to prove one of the elements of conversion, i.e., that the defendants were exercising unauthorized dominion over the property. The defendants' dominion was acquired through the judgment of a state court of competent jurisdiction and was, therefore, not unauthorized. Whedbee, 964 F.2d at 333
 
 
 [4]
 The Notice of Exception could be construed as an amended Notice of Appeal. In the text, the defendants specifically noted their intent to appeal the district court's award of interest and stated that the subject appeal had already been docketed as Ca. No. 93-1380. Federal Rule of Appellate Procedure 3(c) provides that a Notice of Appeal "shall not be dismissed for informality of form or title of the notice of appeal." In the initial Notice of Appeal of March 17, 1993, though it was untimely, the defendants properly designated the Fourth Circuit as the court to which the appeal was taken, and designated the judgment appealed from as the district court's January 15, 1993 order
 
 
 [5]
 Appellants also have attempted to rely on Rule 26(b). That rule specifically states that "the court may not enlarge the time for filing a notice of appeal...." The 26(b) argument is without merit